USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/6/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JAMES J. MAURO,

Plaintiff,

      -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, and MARIE GUILLAUME,

Defendants.

----------------------------------------------------------------X

**ORDER**

**19-CV-4372 (GBD) (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

**Motion to Dismiss.** On November 15, 2019, the City filed its motion to dismiss. Doc. Nos. 23-25. *Pro se* Plaintiff's opposition was due December 15, 2019. Plaintiff filed a Rule 26A1 Statement on December 17, 2019 but did not file an opposition to the motion to dismiss. Doc. No. 27. In light of Plaintiff's *pro se* status, the Court is providing Plaintiff additional time to file an opposition to the motion to dismiss. Plaintiff must file an opposition to the City's motion to dismiss, or, alternatively, a letter indicating that he does not oppose the motion to dismiss by no later than **February 13, 2020**. A copy of the City's memorandum of law in support of their motion to dismiss is attached to this order for Plaintiff's convenience.

**_Pro Se_ Legal Clinic.** The Court notes that a private organization called the New York Legal Assistance Group is available to assist *pro se* litigants; it is not part of, or run by, the Court. The Clinic is located in the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York, in Room LL22, which is just inside the Pearl Street entrance to that Courthouse. The Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed.

Plaintiff is encouraged to consult with the clinic as to how to respond to the motion to dismiss.

Plaintiff may make an appointment with the Clinic by calling (212) 659-6190 or by appearing in person.

Plaintiff's failure to comply with this order may result in dismissal of this action based on failure to prosecute.

The Clerk of Court is respectfully directed to mail a copy of this Order to *pro se* Plaintiff

Dated: New York, New York
        January 6, 2020

                        SO ORDERED.

                        _____
                        KATHARINE H. PARKER
                        United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

JAMES J. MAURO,

                                            Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION;
MARIE GUILLAUME, PRINCIPAL OF HIGH
SCHOOL FOR ENERGY AND TECHNOLOGY,

                                            Defendants.

-------------------------------------------------------------------- x

**NOTICE OF MOTION
TO DISMISS
PLAINTIFF'S
COMPLAINT**

19 CV 04372 (GBD)(KHP)

        **PLEASE TAKE NOTICE** that upon the accompanying Memorandum of Law, and all the papers and proceedings herein, Defendants will move this Court, before the Honorable Katherine H. Parker, United States District Judge, Southern District of New York, at the United States Courthouse located at 500 Pearl Street, New York, New York, 10007, on a date and time to be designated by the Court, for an order and judgment, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing Plaintiff's discrimination, retaliation and hostile work environment claims brought pursuant to 42 U.S.C. §§ 2000e, et seq., New York State Executive Law § 296, and New York City Administrative Code § 8-107 for failing to state a cause of action.

        **PLEASE TAKE FURTHER NOTICE** that pursuant to Judge Parker's Order, dated September 12, 2019, Plaintiff's opposition, if any, is due by December 15, 2019 and Defendants' reply brief, if any, is due by December 30, 2019.

Date:       New York, New York
              November 15, 2019

**JAMES E. JOHNSON**
Corporation Counsel of the
    City of New York
*Attorney for Defendants*
100 Church Street, Room 2-109(g)
New York, New York 10007
(212) 356-0889
ddandrig@law.nyc.gov

By: _____/s/_____

Danielle Dandrige
Assistant Corporation Counsel

TO:    James J Mauro (by First Class Mail)
       Plaintiff, *pro se*.
       90 Kennington Street
       Staten, Island, NY 10308
       (718) 356-8149
       jmauro@yahoo.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES J. MAURO,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION; MARIE GUILLAME =,,
PRINICPAL OF HIGH SCHOOL FOR
ENERGY AND TECHNOLOGY,

Defendants

**NOTICE OF MOTION TO DISMISS THE
AMENDED COMPLAINT**

**JAMES E. JOHNSON**
*Corporation Counsel of the City of New York*

Attorney for Defendants
100 Church Street, Room 2-142)
New York, New York 10007-2601

*Of Counsel:* Danielle M. Dandrige
*Tel:* (212) 356-0889

*Matter No.:* 2019-035797

*Due and timely service is hereby admitted.*

*New York, N.Y.* ................................................, 2019

.........................................................................

*Attorney for* .................................................................

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JAMES J. MAURO,

                                   Plaintiff,

                -against-

NEW YORK CITY DEPARTMENT OF EDUCATION;
MARIE GUILLAUME, PRINCIPAL OF HIGH
SCHOOL FOR ENERGY AND TECHNOLOGY,

                                  Defendants.

------------------------------------------------------------------------ x

**DECLARATION OF
ASSISTANT CORPORATION
COUNSEL DANIELLE M.
DANDRIGE IN SUPPORT OF
DEFENDANTS' MOTION TO
DISMISS THE COMPLAINT**

19 CV 04372 (GBD)(KHP)

       **DANIELLE M. DANDRIGE** declares that the following is true and correct under penalty of perjury pursuant to 28 U.S.C. § 1746:

       1.      I am an Assistant Corporation Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, the attorney for Defendants in the above referenced action.

       2.      I submit this declaration in support of Defendants' Motion to Dismiss the Complaint.

       3.  Annexed hereto as Exhibit "A" is plaintiff's New York State Division of Human Rights ("SDHR") Verified Complaint, stamped received by the SDHR on July 5, 2018.

       4.  For the convenience of the court, page and paragraph numbers have been added to Exhibit A in order to reference facts therein within the Motion to Dismiss.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:          New York, New York
                November 15, 2019

                                              _____/s/_____
                                              Danielle M. Dandrige
                                              Assistant Corporation Counsel

**EXHIBIT A**

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

JAMES J. MAURO,

                                **Complainant,**

                      v.

CITY OF NEW YORK, DEPARTMENT OF
EDUCATION,

                                  **Respondent.**

**VERIFIED COMPLAINT**
Pursuant to Executive Law,
Article 15

Case No.
**10197051**

Federal Charge No. 16GB805106

       I, James J. Mauro, residing at 90 Kennington Street, Staten Island, NY, 10308, charge the above named respondent, whose address is Office of Legal Services
52 Chambers Street, Rm 308, New York, NY, 10007 with an unlawful discriminatory practice relating to employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of race/color.

       Date most recent or continuing discrimination took place is 3/16/2018.

       The allegations are:

1.      I am White.  Because of this, I have been subject to unlawful discriminatory actions.

                              **Please see attached complaint form**

Based on the foregoing, I charge respondent with an unlawful discriminatory practice relating to employment because of race/color, in violation of the New York State Human Rights Law (Executive Law, Article 15), Section 296.

I also charge the above-named respondent with violating Title VII of the Civil Rights Act of 1964, as amended (covers race, color, creed, national origin, sex relating to employment).  I hereby authorize SDHR to accept this verified complaint on behalf of the U.S. Equal Employment Opportunity Commission (EEOC) subject to the statutory limitations contained in the aforementioned law(s).



**New York State Division of Human Rights**
**Employment Complaint Form**

*RECEIVED*

JUL 0 5 2018

~~BROOKLYN REGIONAL OFFICE~~

---

**1. Your contact information:**

| First Name | James | | Middle Initial/Name | J |
|---|---|---|---|---|

Last Name  Mauro

Street Address/ PO Box  90 Kennington St      Apt or Floor #:

City  Staten Island      State  NY      Zip Code  10308

---

**2. Regulated Areas:** You believe you were discriminated against in the area of:

- ☑ Employment *(including paid internship)*
- ☐ Labor Organization
- ☐ Apprentice Training
- ☐ Employment Agencies
- ☐ Internship *(unpaid only)*
- ☑ Licensing
- ☐ Volunteer Firefighting *(excludes disability, age, domestic violence victim status, arrest, conviction, genetic history)*

---

**3. You are filing a complaint against:**

Employer Name  New York City Department of Education – High School for Energy and Technology

Street Address/ PO Box  2474 Crotona Ave

City  Bronx      State  NY      Zip Code  10458

Telephone Number:  ( 718 )  733- 3080      Ext.

In what *county or borough* did the violation take place?  Bronx

Individual people who discriminated against you:

Name:  Marie Guillaume      Title:  Principal

Name: _____      Title: _____

If you need more space, please list them on a separate piece of paper.

---

**4. Date of alleged discrimination** *(must be within one year of filing):*

The most recent act of discrimination happened on:  3 (month)  16 (day)  2018 (year)

---

**5. For employment and internships, how many employees does this company have?**

☐ 1-3   ☐ 4-14   ☐ 15-19   ☑ 20 or more   ☐ Don't know

---

**6. Are you currently working for this company?**

| ☐ Yes. Date of hire: __ __ __ (month day year) | What is your position? |
|---|---|
| ☑ No. Last day of work: 6 28 17 (month day year) | What was your position? teacher |
| ☐ I was never hired. Date of application: __ __ __ (month day year) | What position did you apply for? |

---

**7. Basis of alleged discrimination:**

Check *ONLY* the boxes that you believe were the reasons for discrimination. Please look at page 2 of "Instructions" for an explanation of each type of discrimination.

| | |
|---|---|
| ☐ **Age:** <br> Date of Birth: _____ | ☐ **Military Status:** <br> ☐ Active Duty ☐ Reserves |
| ☐ **Arrest Record** *(resolved in your favor or youthful offender record or sealed conviction record)* | ☐ **National Origin:** <br> Please specify: _____ |
| ☐ **Conviction Record** | ☐ **Predisposing Genetic Characteristic:** <br> Please specify: _____ |
| ☐ **Creed/ Religion:** <br> Please specify: _____ | ☐ **Pregnancy-Related Condition:** <br> Please specify: _____ |
| ☐ **Disability:** <br> Please specify: _____ | ☑ **Race/Color or Ethnicity:** <br> Please specify: _White_ |
| ☐ **Domestic Violence Victim Status** | ☐ **Sexual Orientation:** <br> Please specify: _____ |
| ☐ **Familial Status:** <br> Please specify: _____ | ☐ **Sex:** <br> Please specify: _____ <br> Specify if the discrimination involved: <br> ☐ Pregnancy ☐ Gender Identity ☐ Transgender Status <br> ☐ Sexual Harassment |
| ☐ **Marital Status:** <br> Please specify: _____ | |

If you believe you were treated differently after you filed or helped someone file a discrimination complaint, participated as a witness to a discrimination complaint, or opposed or reported discrimination due to any category above, check below:

☐ **Retaliation:** How you did you oppose discrimination: _____

**8. Acts of alleged discrimination:** *What did the person/company you are complaining against do? Check all that apply*

| | | | |
|---|---|---|---|
| ☐ Refused to hire me | ☐ Denied me an accommodation for my disability or pregnancy-related condition | ☐ Denied me leave time or other benefits | ☐ Harassed/ intimidated me (other than sexual harassment) |
| ☑ Fired me/laid me off | ☐ Denied me overtime benefits | ☐ Sexually harassed or intimidated me | ☐ Did not call back after lay-off |
| ☐ Demoted me | ☐ Paid me a lower salary than other co-workers doing the same job | ☐ Gave me different or worse job duties than other workers doing the same job | ☐ Denied me services/treated differently by employment agency |
| ☐ Suspended me | ☐ Denied me an accommodation for my religious practices | ☑ Gave me a disciplinary notice or negative performance review | ☐ Unlawful inquiry, or limitation, specification or discrimination in job advertisement |
| ☐ Denied me training | ☐ Denied me promotion/ pay raise | ☐ Denied a license by a licensing agency | ☐ Other: |

9. Description of alleged discrimination

*Tell us more about each act of discrimination that you experienced. Please include dates, names of people involved, and explain why you think it was discriminatory. TYPE OR PRINT CLEARLY.*

See attached.

*If you need more space to write, please continue writing on a separate sheet of paper and attach it to the complaint form.*  **DO NOT WRITE IN THE MARGINS OR ON THE BACK OF THIS FORM.**

## Notarization of Complaint

Based on the information contained in this form, I charge the herein named respondent(s) with an unlawful discriminatory practice, in violation of the New York State Human Rights Law.

By filing this complaint, I understand that I am also filing my employment complaint with the United States Equal Employment Opportunity Commission under the Americans With Disabilities Act (covers disability related to employment), Title VII of the Civil Rights Act of 1964, as amended (covers race, color, religion, national origin, sex relating to employment), and/or the Age Discrimination in Employment Act, as amended (covers ages 40 years of age or older in employment). This complaint will protect my rights under federal law.

I hereby authorize the New York State Division of Human Rights to accept this complaint on behalf of the U.S. Equal Employment Opportunity Commission, subject to the statutory limitations contained in the aforementioned law.

I have not filed any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice.
**PLEASE INITIAL** _____

I swear under penalty of perjury that I am the complainant herein; that I have read (or have had read to me) the foregoing complaint and know the contents of this complaint; and that the foregoing is true and correct, based on my current knowledge, information, and belief.

_____
Sign your full legal name

Subscribed and sworn before me
This _____ day of _____ , 20 ___

_____
Signature of Notary Public

County: _____ Commission expires: _____

MARIA S. MAGADDINO
Notary Public, State of New York
No. 01MA6315893
Qualified in Richmond County
Commission Expires December 1, 2018

*Please note: Once this form is completed, notarized, and returned to the New York State Division of Human Rights, it becomes a legal document and an official complaint with the Division.*

**9. Description of alleged discrimination:**

5A  In July 2017, I was informed that I was going to be discontinued from probationary service in the New York

City Department of Education (NYCDOE); or, in other words, fired as a teacher in one such school. The name

of the school was High School for Energy and Technology located in Bronx, New York. I have enclosed a CD

where the alleged act of discrimination took place, which was on March 16, 2018 at the hearing:

5B  The preceding conversation was centered around whether or not I was correctly assigned $9^{th}/10^{th}$ grade students

the course "Economics/Participation in Government." Per state law, "Economics/Participation in Government"

is traditionally given in 12th grade before graduation. The principal, at the end of the conversation, changed the

topic completely by saying: "And I understand you're looking at trying to keep your license and so forth, and I

believe someone pointed out very well, this was not a good fit. Okay!" Taken at face value, that quote was

completely irrelevant to whether or not the students I was assigned to instruct were correctly given the

appropriate class. As the administrator, the principal has discretion as to what classes I was required to teach.

Saying I was not a good fit has nothing to do with those classes. Even if the principal won the argument or my

advocate made a valid point, that statement suggests the actual reason I was discontinued. It would not be a

good fit if I was licensed in another subject; for example, math. But as the principal said, I am licensed in Social

Studies and I was able to teach those classes. So why after was this not a "good fit"? This part of the tape was

the last 4:20 to 4:00 minutes.

5C  There was a time when I was a good fit. In the summer of 2016, mid-August to be specific. The principal hired

me at a jobs fair for new teachers, or recent graduates with zero teaching experience. I completed a demo lesson

that she was present for. At that time, I was a good fit as I was offered a position for employment. The DOE

gives complete discretion to the principals to make hires at their respective schools. She was not forced to hire

me, and as someone with decades in the DOE, she would have known whether or not I would be a good fit. Not

being a "good fit" does not flow with the rationale as to why I was discontinued or fired. The case they built on

me was four observations and two letters to file. The reason they did that is because as the principal and another

6A  person said, "this wasn't a good fit." By saying that she brought another person in who said it previously. It was reiterated by my colleague after a discussion about how those same rules went against my best interests as a teacher at that school. "James, did you really think this would be a good fit?" That question is once again completely irrelevant in terms of solving the issues we were discussing. And whether that statement (my class schedule) is true, false, or indifferent as it relates to my role as teacher in that school, it did result in my discontinuance or firing.

6B  To examine what "not a good fit" means, lets look at evidence as to why this does not logically flow from the aforementioned reason for this discontinuance. As a fully certified teacher in grades 7 through 12 in Social Studies, this was a good fit. If I was teaching out of certification, it would not be a good fit as it would have been impossible to even hire me in that school or any school in the state of New York, where this situation could never have occurred at all. I was given a position of employment after an interview, where any employer can make an opinion as to whether a candidate is good enough. So here, two people have said that this "was not a good fit." It was not a good fit, according to the principal after she may or may not have provided me with classes within my certification area, however, she did provide her statement that my schedule would have been a good fit.

6C  I believe I have been discriminated against because I am a white person from Staten Island who was offered and accepted a position at a Bronx high school with demographics of 70% Hispanic and roughly 30% African-American; thus, any connotation that might result from that situation. The principal is of African American/Haitian descent. So is the Assistant Principal. So is Greg Gibson, the other person she alluded to in her statement. Taking the principal's statement at face value, that is not a valid reason for terminating, since, per DOE rules, she discontinued me because of 4 observations and 2 letters to file. Her initial statement said that the entire premise of the hearing was to keep my license, which was why there was me, my advocate, Superintendent's Rep, DOE panel all met to discuss whether that discontinuance would remain or not. This,

6

**7A** based on my role within the rules, is completely erroneous. And as she pointed out, I was fired solely because this wasn't a good fit.

**7B** The problem is I am flagged in the system and will have difficulty finding employment in another district because I was potentially wrongly hired in that particular school to begin with (High School for Energy and Technology) given the principals statement in question. I do not wish to go back to that school, I do want the discontinuance removed to give myself a fair shot a finding a position in another school somewhere else. I was wrongly hired, since there was a time I was a good fit so firing me based on that statement demonstrates discrimination based on race.

**7C** The entire preceding conversation was the principal maybe not giving me the right class to a particular grade level, or appropriate timing on feedback, or a mentor that is not in my subject. Whether or not those rules, per state education or contractual law was broken, that has nothing to do with whether or not I was a "good fit" or not. I did not assign myself classes or do anything wrong that would get me fired. They broke every contractual and educational law as it pertains to my time there, so why would that not make me a good fit. They chose to break the rules, even if they didn't want to or it was just the way things worked out. So how does that not make me a good fit and why should I be punished for it?

Furthermore, it is easy to fire a non-tenured teacher as a first-year teacher. I would not be eligible for tenure until year 5. No first-year teachers have tenure, let alone me. The contractual laws in place put specific reasons on how to terminate an employee and the type of profession this is; education, is observation-based. I never missed a day of work and there is no other history I had with any other school. The principal cant just fire me immediately and the end of story. There is a long process that follows. Hence, I did nothing that would get me fired in the context of any profession, let alone this one. She stated that since I was trying to keep my license (solely in New York City) that the school I was at was not a good fit, therefore I was terminated as a result of that.

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES J. MAURO,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION; MARIE GUILLAUME, PRINCIPAL
OF HIGH SCHOOL FOR ENERGY AND
TECHNOLOGY

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

***JAMES E. JOHNSON***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-109(g)*
*New York, New York 10007*

*Of Counsel:*
*Danielle Dandrige*
*Angela Wanslow\**
*\*application for admission pending*
*Tel.: (212) 356-2441*
*Matter No.: 2019-035797*

# **TABLE OF CONTENTS**

                                                                    **Page**

TABLE OF AUTHORITIES ...........................................................................iii

PRELIMINARY STATEMENT ...................................................................... 1

STATEMENT OF FACTS ............................................................................ 2

ARGUMENT .............................................................................................. 4

      POINT I ............................................................................................ 4

           PLAINTIFF'S TITLE VII CLAIM AGAINST
           PRINCIPAL GUILLAUME MUST BE
           DISMISSED BECAUSE INDIVIDUAL
           EMPLOYEES CANNOT BE HELD LIABLE
           UNDER TITLE VII ................................................................ 4

      POINT II ........................................................................................... 4

           PLAINTIFF'S TITLE VII CLAIMS AGAINST
           DEFENDANT BOE AND SHRL CLAIMS
           AGAINST PRINCIPAL GUILLAUME SHOULD
           BE DISMISSED BECAUSE HE FAILS TO
           STATE A PLAUSIBLE CAUSE OF ACTION
           FOR DISCRIMINATION, RETALIATION OR
           HOSTILE WORK ENVIRONMENT ....................................... 4

           A.   Applicable Pleading Standards ........................................... 4

           B.   Plaintiff's Discrimination Claim Fails under
               Title VII and the SHRL Fails.............................................. 6

              **1.**  **PLAINTIFF FAILS TO ALLEGE FACTS WHICH RAISE A
                     PLAUSIBLE INFERENCE THAT HIS DISCONTINUANCE
                     WAS MOTIVATED BY DISCRIMINATORY INTENT** ....... 6

           A.   Plaintiff's Hostile Work Environment Claim
               under Title VII Fails ......................................................... 12

           B.   Plaintiff's Retaliation Claim Under Title VII
               and the SHRL Fail ........................................................... 15

POINT III ......................................................................................................... 16

    PLAINTIFF'S CHRL AND SHRL CLAIMS
    AGAINST DEFENDANT BOE MUST BE
    DISMISSED BECAUSE HE FAILED TO
    COMPLY WITH EDUCATION LAW § 3813(1)
    AND THE APPLICABLE ONE YEAR STATUTE
    OF LIMITATIONS PERIOD .................................................................. 16

    A.   Plaintiff Failed to File a Timely Notice of
         Claim Under Education Law § 3813(1) ............................................ 17

    B.   Plaintiff Failed to Commence his SHRL or
         CHRL Claims Against Defendant BOE within
         the Applicable One Year Statute of Limitations
         Period ................................................................................................. 18

POINT IV ......................................................................................................... 20

    PLAINTIFF'S CHRL CLAIMS AGAINST
    PRINCIPAL GUILLAUME MUST BE
    DISMISSED BECAUSE HE FAILS TO
    SUFFICIENTLY PLEAD A CAUSE OF ACTION
    FOR DISCRIMINATION, RETALIATION AND
    HOSTILE WORK ENVIRONMENT ...................................................... 20

    A.   Applicable Pleading Standards ......................................................... 20

    B.   Plaintiff's Discrimination Claim under the
         CHRL Fails ........................................................................................ 20

    C.   Plaintiff's Retaliation Claim under the CHRL
         Fails ................................................................................................... 21

    D.   Plaintiff's Hostile Work Environment Claim
         under the CHRL Fails ....................................................................... 22

CONCLUSION ................................................................................................... 23

**Federal Cases**                                                                                                   **Pages**

Adler v. S. Orangetown Cent. Sch. Dist.,
    2008 U.S. Dist. LEXIS 4971 (S.D.N.Y. Jan. 17, 2008)..........................................................19

Akinsanya v. New York City Health and Hosps. Corp – Kings County Hosp. Ctr.,
    2017 U.S. Dist. LEXIS 120962, (S.D.N.Y. July 28, 2017) ................................................6, 24

Anderson v. City of New York,
    2017 U.S. Dist. LEXIS 8358 (S.D.N.Y. Jan. 19, 2017)
    2017 U.S. Dist. LEXIS 119645 (S.D.N.Y. July 27, 2017) ...............................7, 11, 12, 22, 23

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)........................................................................................................4, 5

Baptiste v. N.Y. City Transit Auth., 2004 U.S. Dist. LEXIS 5153 (S.D.N.Y. Mar.
    29, 2004) .......................................................................................................13, 14, 24

Bell Atl. Corp v. Twombly,
    550 U.S. 544 (2007)...............................................................................................................5

Butts v. N.Y. City of Dep't of Educ.,
    2018 U.S. Dist. LEXIS 170195 (S.D.N.Y. Sept. 28, 2018)............................................10, 11

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002).................................................................................................2

Collins v. City of New York,
    156 F. Supp. 3d 448 (S.D.N.Y. 2016)..............................................................................17, 20

Daniels v. City of New York,
    2019 U.S. Dist. LEXIS 8604 (S.D.N.Y. Jan. 17, 2019)..........................................................11

Del. State College v. Ricks,
    449 U.S. 250 (1980).......................................................................................................19, 20

Diaz v. City Univ. of N.Y.,
    2015 U.S. Dist. LEXIS 126855 (S.D.N.Y. Sept. 22, 2105)...................................................23

Diaz v. City Univ. of New York,
    2014 U.S. Dist. LEXIS 184757 (S.D.N.Y. Nov. 7, 2014).....................................................23

Elgalad v. New York City Dep't of Educ.,
    2018 U.S. Dist. LEXIS 162838
    (S.D.N.Y. Sept. 24, 2018) .................................................................................................18, 20

**Cases**                                                                                              **Pages**

Evans v. New York Botanical Garden,
    2002 U.S. Dist. LEXIS 16434
    (S.D.N.Y. Sept. 4, 2002) ..........................................................................................................2

Fincher v. Depository Trust & Cleaning Group,
    604 F.3d 712 (2d Cir. 2010) ...................................................................................................23

Flaherty v. Massapequa Pub. Schs.,
    752 F. Supp. 2d 286 (E.D.N.Y. 2010) ...................................................................................19

Garrido v. N.Y.C. Dep't of Educ.,
    2018 U.S. Dist. LEXIS 43703
    (S.D.N.Y. Mar. 15, 2018) ..................................................................................18, 19, 20, 21

George v. N.Y. City Health and Hosp. Corp.,
    2003 U.S. Dist. LEXIS 1927
    (S.D.N.Y. Feb. 11, 2003) .........................................................................................................9

Gonzalez v. City of New York,
    377 F. Supp. 3d 273 (S.D.N.Y. 2019) ...............................................................................21, 24

Gordon v. City of New York,
    2015 U.S. Dist. LEXIS 70915
    (S.D.N.Y. June 2, 2015) .........................................................................................................23

Gorokhovsky v. New York City Hous, Auth.,
    552 Fed. Appx. 100 (2d Cir. 2014) ........................................................................................22

Grady v. Affiliated Central, Inc.,
    130 F.3d 553 (2d Cir. 1997) ...................................................................................................10

Guerra v. Jones,
    421 Fed. Appx. 15, 17 (2d Cir. 2011) ......................................................................................4

Harris v. Forklift Sys., Inc.,
    510 U.S. 17, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993) .........................................................15

Henry v. Wyeth Pharms., Inc.,
    616 F.3d 134 (2d Cir. 2010) ...................................................................................................17

Isbell v. City of New York,
    316 F. Supp. 571 (S.D.N.Y. 2018) .........................................................................................22

Jeanty v. Newburgh Beacon Bus Corp.,
    2018 U.S. Dist. LEXIS 197248 (S.D.N.Y. Nov. 19, 2018) ....................................................12

**Cases**  **Pages**

Johnson v. Andy Frain Servs.,
  638 Fed. Appx. 68 (2d Cir. 2016) ...................................................21, 22

Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.,
  716 F.3d 10 (2d Cir. 2013) ...................................................................6

Krzesaji v. Henry,
  2017 U.S. Dist. LEXIS 37543
  (S.D.N.Y. Mar. 15, 2017) ....................................................................4

Kwan v. Andalex Grp., LLC,
  737 F.3d 834 (2d Cir. 2013) ...............................................................13

Leehim v. New York City Dep't of Educ.,
  2017 U.S. Dist. LEXIS 192747
  (S.D.N.Y. Nov. 21, 2017) .............................................................8, 9, 10

Legrá v. Bd. of Educ.,
  2016 U.S. Dist. LEXIS 144817
  (S.D.N.Y. Oct. 19, 2016) ..............................................................18, 20

Lenart v. Coach, Inc.,
  131 F. Supp 3d 61 (S.D.N.Y. 2015) ..................................................16, 24

Linder v. IBM Corp.,
  2008 U.S. Dist. LEXIS 47599 (S.D.N.Y. June 18, 2008) ..........................2

Littlejohn v. City of New York,
  795 F.3d 297 (2d Cir. 2015) ..........................................5, 7, 12, 13, 15, 16

Lombardi v. Choices Women's Med. Ctr., 2017 U.S. Dist. LEXIS 11935
  (E.D.N.Y. Jan. 26, 2017) ...................................................................10

McDonnell Douglas Corp. v. Green,
  411 U.S. 792 (1973) ...................................................................5, 6, 13

Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,
  715 F.3d 102 (2d Cir. 2013) .............................................................22, 23

Mikolaenko v. New York Univ.,
  2017 U.S. Dist. LEXIS 146776
  (S.D.N.Y. Sept. 7, 2017) ....................................................................24

Opoku v. Brega,
  2016 U.S. Dist. LEXIS 136038
  (S.D.N.Y. Sept. 30, 2016) ....................................................................8

**Cases**                                                                      **Pages**

Patane v. Clark,
  508 F.3d 106 (2d Cir. 2007)..........................................................................7

Pinder v. City of New York,
  49 A.D.3d 280 (1st Dep't 2008) ...............................................................21

Rinsler v. Sony Pictures Entm't, Inc.,
  2003 U.S. Dist. LEXIS 14754
  (S.D.N.Y. Aug. 25, 2003) ..........................................................................13

Rivera v. Brooklyn Hosp. Med. Ctr.,
  28 F. Supp. 3d 159 (E.D.N.Y. 2014) ........................................................17

Ruiz v. County of Rockland,
  609 F.3d 486 (2d Cir. 2010)...............................................................6, 7, 11

Salesian Society, Inc. v. Vill. of Ellenville,
  41 N.Y.2d 521 (1977) ................................................................................18

Tolbert v. Smith,
  790 F.3d 427 (2d Cir. 2015)......................................................................16

Tomka v. Seiler Corp.,
  66 F.3d 1295 (2d Cir. 1995).........................................................................4

Trujillo v. City Of New York,
  2016 U.S. Dist. LEXIS 194168
  (S.D.N.Y. Mar. 29, 2016) ..........................................................................15

Vega v. Hempstead,
  801 F.3d. 72 (2d Cir. 2015)………………………………………………7, 15

Wade v. New York City Dep't of Educ.,
  667 F. App'x 311 (2d Cir. 2016) .........................................................19, 20

White v. New York State Dep't of Corr. Servs. & Cmty. Supervision,
  2016 U.S. Dist. LEXIS 32281
  (S.D.N.Y. Mar. 14, 2016) ..........................................................................17

Williams v. Victoria's Secret,
  2017 U.S. Dist. LEXIS 45813 (S.D.N.Y. Mar. 28, 2017) ..........................6

**State Cases**

Amorisi v. South Colonie Ind. Cent. Sch. Dist.,
  9 N.Y.3d 367 (2007) ..................................................................................17

**Cases**                                                          **Pages**

**Statutes**

42 U.S.C. §§ 2000e, <u>et</u> <u>seq.</u>.......................................................1, 2, 4, 6, 7, 8, 12, 13, 14, 15, 17, 21

Fed. R. Civ. P. 12(b)(6).............................................................................................1, 4

New York City Administrative Code §§ 8-101, <u>et</u> <u>seq.</u>.................................................1

New York Education Law § 3813(1)...............................................................17, 18, 20

New York Education Law § 3813(2-a).........................................................................19

New York Executive Law §§ 290, <u>et</u> <u>seq.</u> ...............................................................1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

James J. Mauro,

                          Plaintiff,        19 CV 04372 (GBD) (KHP)

        -against-

New York City Department of Education; Marie
Guillaume, Principal of High School for Energy
and Technology

                        Defendants.
-------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

### PRELIMINARY STATEMENT

Plaintiff James J. Mauro, a former probationary teacher with the Board of Education of the City School District of the City of New York ("BOE") (also known as and sued herein as the "New York City Department of Education" or "DOE") at the High School for Energy and Technology in the Bronx, New York, commenced this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), the New York State Human Rights Law, New York Executive Law §§ 290, et seq. ("SHRL"), and the New York City Human Rights Law, and New York City Administrative Code §§ 8-101, et seq. ("CHRL"), against defendants BOE and Ms. Marie Guillaume ("Principal Guillaume"), Principal of High School for Energy and Technology ("Defendants"). In his Complaint, Plaintiff claims Defendants terminated him because he is white. Plaintiff also appears to allege Defendants retaliated against him and subjected him to a hostile work environment. Defendants submit this memorandum of law in support of their motion for an order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing Plaintiff's complaint.

As set forth more fully below, Plaintiff's Title VII claims against Principal Guillaume must be dismissed because there is no individual liability under Title VII. Further, Plaintiff's Title VII claims against Defendant BOE and SHRL and CHRL claims Principal Guillaume must be dismissed because he failed to state a plausible cause of action for discrimination, retaliation or hostile work environment. Finally, Plaintiff's SHRL and CHRL claims against Defendant BOE must be dismissed because Plaintiff failed to file a timely notice of claim, and he failed to commence this lawsuit within the one year statute of limitations period governing discrimination claims against the BOE. Accordingly, the Complaint must be dismissed.

## **STATEMENT OF FACTS**[1]

In the summer of 2016, Principal Guillaume hired Plaintiff to teach social studies at the High School for Energy and Technology in the Bronx, New York. See Plaintiff's New York State Division of Human Rights ("SDHR") Verified Complaint, attached to the Dandrige Declaration as Exhibit A[2] (hereafter "Ex. A"), at p. 5, ¶ 5C; Plf.'s Compl. ("Compl."), May 14,

---

[1] Defendant's statement of facts is derived from the material allegations of the Complaint and Plaintiff's SDHR Complaint attached to the Complaint. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002) ("the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference"); Linder v. IBM Corp., No. 06 Civ. 4751 (RJS), 2008 U.S. Dist. LEXIS 47599, at *2, n. 1 ("The Court takes judicial notice of plaintiff's filings with . . . the New York State Division of Human Rights ("NYSDHR")"); Evans v. New York Botanical Garden, No. 02 Civ. 3591 (RWS), 2002 U.S. Dist. LEXIS 16434, at *4 (S.D.N.Y. Sept. 4, 2002) (the Court "may take judicial notice of the records of state administrative procedures, as these are public records, without converting a motion to dismiss to one for summary judgment."). Those facts, but not the conclusions, will be assumed to be true solely for the purpose of this Motion to Dismiss.

[2] For the convenience of this court in reviewing this motion, Defendants have numbered the pages and paragraphs of the three-page narrative attached to Plaintiff's SDHR Complaint, which Plaintiff annexed to his Complaint (Plf.'s Compl., May 14, 2019, ECF No. 2). The paginated SDHR Complaint is annexed to the Declaration of Danielle Dandrige as Exhibit A.

2019, ECF No. 2, at p. 9, ¶ 1. During the 2016-2017 school year, school administrators observed Plaintiff's teaching on four separate occasions. See Ex. A, at p. 5, ¶ 5C. During this school year, Plaintiff also received two letters to file. See id. In July 2017, Petitioner first learned the BOE discontinued his probationary employment "because of [the] 4 observations and 2 letters to file." See id.

In or around March 2018, Plaintiff appealed the BOE's decision to discontinue his probationary employment. See Compl. at p. 9, ¶ 5. At his appeal hearing, Principal Guillaume, said: "[a]nd I understand you're looking at trying to keep your license and so forth, and I believe someone pointed out very well, this was not a good fit. Okay!" See Ex. A at p. 5, ¶ 5B. The majority of the 3-member panel recommended that Plaintiff not be discontinued. See Compl. at p. 9, ¶5. The School Superintendent for the BOE rejected the appeal panel's recommendation and reaffirmed Plaintiff's discontinuance. See id.

Plaintiff claims Defendants terminated him because he is white and taught at "a Bronx high school with demographics of 70% Hispanic and roughly 30% African-American." Id. at ¶4. Plaintiff also alleges he was the "victim of race discrimination" because Principal Guillaume, the Assistant Principal, and Greg Gibson ("Mr. Gibson"), another social studies teacher, is "African America/Haitian descent." See id. Plaintiff claims Principal Guillaume's reference that he [plaintiff] was not a "good fit" is "a clear implication that she did not want me at the school because I was not a minority and believed I could not properly teach minority students in the Bronx." Id. at ¶ 6. Plaintiff also claims that he "was fired solely because this wasn't a good fit which is code for racial discrimination." Id. at ¶ 9.

Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on July 5, 2018. Id. at p. 6. The EEOC issued

a "right to sue" letter on April 16, 2019.  Compl. at p. 6.  Plaintiff commenced this action on

May 14, 2019.  See id.; ECF Dkt. Nos. 1-3.

## ARGUMENT

### POINT I

#### PLAINTIFF'S TITLE VII CLAIM AGAINST PRINCIPAL GUILLAUME MUST BE DISMISSED BECAUSE INDIVIDUAL EMPLOYEES CANNOT BE HELD LIABLE UNDER TITLE VII

Individual employees cannot be held personally liable for violations under Title

VII.  See Guerra v. Jones, 421 Fed. Appx. 15, 17 (2d Cir. 2011) (Title VII does not subject

"individuals, even those with supervisory liability over the plaintiff, to personal liability.");

Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995); Krzesaji v. Henry, No. 16 Civ. 2926

(ER), 2017 U.S. Dist. LEXIS 37543, at *42 (S.D.N.Y. Mar. 15, 2017).  Accordingly, Plaintiff's

Title VII claim must be dismissed as to Principal Guillaume.

### POINT II

#### PLAINTIFF'S TITLE VII CLAIMS AGAINST DEFENDANT BOE AND SHRL CLAIMS AGAINST PRINCIPAL GUILLAUME SHOULD BE DISMISSED BECAUSE HE FAILS TO STATE A PLAUSIBLE CAUSE OF ACTION FOR DISCRIMINATION, RETALIATION OR HOSTILE WORK ENVIRONMENT

A.    **Applicable Pleading Standards**

To survive a motion to dismiss under FRCP 12(b)(6), a plaintiff must plead

sufficient facts "to state a claim for relief that is plausible on its face."  Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009) (citing Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678 (internal citation omitted). Further, Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation,'" and need not accept as true any conclusory allegations. Id. at 678, 681 (quoting Twombly, 550 U.S. at 554-55).

Thus, a plaintiff must plead facts sufficient to demonstrate "more than a sheer possibility that a defendant has acted unlawfully . . . [and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted). Indeed, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief,'" and must, therefore, be dismissed. Id.; Twombly, 550 U.S. at 557, 570 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed").

In the context of an employment discrimination complaint, this "requirement to plead facts is assessed in light of the presumption that arises in the plaintiff's favor under McDonnell Douglas in the first stage of the litigation." Littlejohn v. City of New York, 795 F.3d 297, 310 (2d Cir. 2015) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). As such, absent direct evidence of discrimination, to survive a motion to dismiss, a complaint of discrimination "must be plausibly supported by facts alleging . . . that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." Id. at 311 (emphasis added). "[A]lthough pro se filings are read liberally and must be interpreted to raise the strongest arguments they suggest, a pro se complaint must still plead sufficient facts to state a claim to relief that is plausible on its face." Williams v. Victoria's Secret, No. 15 Civ. 4715

(PGG) (JLC), 2017 U.S. Dist. LEXIS 45813, at *11 (S.D.N.Y. Mar. 28, 2017) (citation and internal quotation omitted).

As discussed below, the Complaint fails to plead a plausible cause of action for discrimination, retaliation or hostile work environment under Title VII. Accordingly, Plaintiff's Title VII claims against Defendant BOE should be dismissed. Because Plaintiff has failed to state a claim under Title VII, his SHRL claims against Principal Guillaume should also be dismissed.[3]

**B.    Plaintiff's Discrimination Claim Fails under Title VII and the SHRL Fails**

Claims of disparate treatment under Title VII and the SHRL are analyzed using the burden shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Ruiz v. County of Rockland, 609 F.3d 486, 491 (2d Cir. 2010). To establish a prima facie case of discrimination under this framework, "a plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination." Ruiz, 609 F.3d at 491-92.

Here, Plaintiff has not plausibly alleged that his discontinuance occurred under circumstances giving rise to an inference of discrimination.

**1.    Plaintiff Fails to Allege Facts Which Raise a Plausible Inference that His Discontinuance was Motivated by Discriminatory Intent**

---

[3] While Plaintiff's SHRL claims against Defendant BOE must be dismissed for failing to file a timely notice of claim and failing to commence this lawsuit within the applicable one-year statute of limitations period, see infra Point III, his SHRL claims as to the BOE should nonetheless be dismissed for failing to state a plausible cause of action for the reasons set forth herein. See Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C., 716 F.3d 10, 14 (2d Cir. 2013) (The standards for evaluating discrimination, hostile work environment and retaliation claims in a motion to dismiss are identical under Title VII and the SHRL); Akinsanya v. New York City Health and Hosps. Corp –Kings County Hosp. Ctr., No. 16-CV-3332 (VEC) (KNF), 2017 U.S. Dist. LEXIS 120962, at *20. (S.D.N.Y. July 28, 2017).

The "sine qua non" of an employment discrimination claim under Title VII is that the alleged discriminatory action was taken "*because of*" a plaintiff's membership in a protected class. See Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007). In order to satisfy his burden at the pleadings stage, Plaintiff must plausibly allege "facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." See Vega v. Hempstead, 801 F.3d 72, 87 (2d Cir. 2015). Here, as Plaintiff does not plead facts that directly show discrimination, see generally Compl., he must plead facts that give rise to a plausible inference of discrimination.

Although the Second Circuit recently clarified that it considers this burden at the pleading stage to be "minimal," see Littlejohn, 795 F.3d at 309, 311, Plaintiff must plead more than labels, conclusions and "naked assertions devoid of 'further factual enhancement.'" See Anderson v. City of New York, No. 1:16-cv-01051 (GBD)(KHP), 2017 U.S. Dist. LEXIS 8358, at *14 (S.D.N.Y. Jan. 19, 2017), report and recommendation adopted, 2017 U.S. Dist. LEXIS 119645, *11 (S.D.N.Y. July 27, 2017) (quoting and citing Iqbal, 556 U.S at 678). Here, Plaintiff centers his discrimination claim around Principal Guillaume's statement that he was not a "good fit." See Compl. at p. 9, ¶¶ 6, 9.

In Anderson, the *pro se* plaintiff alleged his involuntarily transfer to a different position was "discriminatory." See Anderson, 2017 U.S. Dist. LEXIS 8358, at *23. To support his discrimination claim, the plaintiff in Anderson alleged his direct supervisor said to him, "you were moved [positions] . . . because you're a trouble maker." Id. This Court held "naked assertions of discrimination without any specific factual allegation of a causal link between the defendants' conduct and the plaintiff's protected characteristic are too conclusory to withstand a motion to dismiss." Id. (internal citations and quotations omitted). In Anderson, this court found

the plaintiff alleged "*no facts* from which it would be fair to infer that he was labeled a troubled maker because of his race[,]" but "merely allege[d] the transfer was discriminatory." Id. (emphasis added).

Similarly, in <u>Opoku v. Brega</u>, No. 15-CV-2213 (KMK), 2016 U.S. Dist. LEXIS 136038 (S.D.N.Y. Sept. 30, 2016), the plaintiff, who was black, claimed "he was subjected to discrimination . . . that made it impossible for [him] to perform his job at the shop." <u>Opoku</u>, 2016 U.S. Dist. LEXIS 136038, at *5 (internal citations and quotations omitted). The plaintiff in <u>Opoku</u> alleged the defendants discriminated against him when white co-workers asked him "why he was not smiling" and "made fun of the color of his pink jacket." Id. at *5. This Court held such statements were insufficient to support a claim for discrimination under Title VII. <u>See</u> id. at *23. The court in <u>Opoku</u> found that the plaintiff did not "provide *any allegations* that would justify an inference that certain facially neutral comments –such as the alleged mocking of [his] pink jacket and questions about why he would not smile . . . –were actually related to [his] protected characteristics." Id. (internal citation omitted).

Likewise in <u>Leehim v. New York City Dep't of Educ.</u>,No. 17 Civ. 3838 (PAE), 2017 U.S. Dist. LEXIS 192747, at *21 (S.D.N.Y. Nov. 21, 2017) the plaintiff alleged the defendants' statements characterizing her as "aggressive," "young" and "not a team player" were racially charged. The Court held the plaintiff "failed to plead sufficient facts from which to infer the defendants acted with discriminatory animus" based on her race. Id. at *23. This court in <u>Leehim</u> found plaintiff's complaint did not explain "how these words, in context, functioned as coded appeals to racial stereotypes. <u>See</u> id. at *21 (citation omitted).

In this case, Plaintiff has failed to allege facts which raise a plausible inference that his discontinuance was motivated in any way by discriminatory intent. Like the statements

made by the defendants in <u>Anderson</u>, <u>Opoku</u>, and <u>Leehim</u>, here, Principal Guillaume's statement that Plaintiff was not a "good fit" is facially neutral, does not relate directly to Plaintiff's race and does not contain any identifiable racial overtones. Like the plaintiffs in <u>Anderson</u> and <u>Opoku</u>, in this case, Plaintiff fails to provide any factual allegations that would justify an inference that Principal Guillaume's race-neutral and color-neutral comment actually related to his race. <u>See generally</u> Compl.

Instead, Plaintiff asserts, in conclusory fashion, Principal Guillaume's statement "is a clear implication that she did not want me at the school because I was not a minority and believed I could not properly teach minority students in the Bronx." <u>Id.</u> at p. 9, ¶ 6. Plaintiff, however, does not provide a single fact showing Principal Guillaume did "not want" him because he was white. <u>See generally id.</u> at p. 9. Plaintiff then claims, in similarly conclusory fashion, "I was fired solely because this wasn't a good fit which is code for racial discrimination." <u>Id.</u> at ¶ 9. But like the plaintiff in <u>Leehim</u>, here, Plaintiff does not explain *how* Principal Guillaume's race and color neutral statement functioned as "code for discrimination." <u>See generally</u> Compl. The mere fact that Principal Guillaume is a different race than Plaintiff does not indicate her statement towards him was motivated by discrimination. <u>See</u> <u>George v. N.Y. City Health and Hosp. Corp.</u>, No. 02 Civ. 1818 (AGS), 2003 U.S. Dist. LEXIS 1927, at *8 (S.D.N.Y. Feb. 11, 2003) ("The mere fact that plaintiff and her former supervisor were not of the same race, color and notional origin does not, in and of itself, indicate that the supervisor's conduct towards plaintiff was motivated by discrimination."). Thus, like in <u>Anderson</u>, <u>Opoku</u> and <u>Leehim</u>, this Court need not accept as true Plaintiff's conclusory allegations of discrimination.

"To the contrary, the relevant context in this case suggests the *absence* of discriminatory intent." Leehim, 2017 U.S. Dist. LEXIS 192747, at *21. Principal Guillaume hired Plaintiff in the summer of 2016. See Compl. at p. 9, ¶ 4; Leehim, 2017 U.S. Dist. LEXIS 192747, at *21. Thus, "the inference does not fairly arise that the facially race-neutral criticism of [Plaintiff] was coded racial stereotyping." Leehim, 2017 U.S. Dist. LEXIS 192747, at *21 (citing Grady v. Affiliated Central, Inc., 130 F.3d 553, 560 (2d Cir. 1997) ("[W]hen the person who made the decision to fire was the same person who made the decision to hire, it is difficult to impute to her an invidious motivation that would be inconsistent with the decision to hire.")).

Plaintiff seeks to support his discrimination claim by alleging "[o]ther similarly situated probationary teachers, including Pirmukhamedova Zebo [("Ms. Zebo")] were not terminated but rather allowed to transfer to another school." See Compl. at p. 9, ¶ 8. Indeed, showing that Defendants treated Plaintiff less favorably than a similarly situated employee outside his protected class can raise an inference of discrimination. See Butts v. N.Y. City of Dep't of Educ., No. 16-CV-5504 (NGG)(RML), 2018 U.S. Dist. LEXIS 170195, at *28 (S.D.N.Y. Sept. 28, 2018) (citing Ruiz v. County of Rockland, 609 F.3d 486, 493 (2d Cir. 2010)). "An employee is similarly situated to co-employees if they were (1) subject to the same performance evaluation and discipline standards and (2) engaged in comparable conduct." Id. (citing Ruiz, 609 F.3d at 493-94). However, a plaintiff *must allege facts* establishing that the comparator is outside his protected class. See Anderson, 2017 U.S. Dist. LEXIS 8358, at *24.

In this case, Plaintiff has not sufficiently alleged Ms. Zebo, or any other teacher, was either similarly situated to him or outside his protected class. First, Plaintiff claims the Defendants discontinued his probationary employment "because of 4 observations and 2 letters to file." See Ex. A at p. 6, ¶ 6C. Aside from the conclusory allegation that Ms. Zebo and other

probationary teachers were "similar situated," Plaintiff has not alleged a single fact showing Ms. Zebo or any other teacher displayed similar work deficiencies and kept his or her job. <u>See generally</u> Compl. Further, Plaintiff, a social studies teacher, does not even allege Ms. Zebo taught the same subject or had similar classroom observations. <u>Id.</u>; <u>see also</u> <u>Daniels v. City of New York</u>, No. 17 Civ. 9960 (LGS), 2019 U.S. Dist. LEXIS 8604, at *12 (S.D.N.Y. Jan. 17, 2019) ("The Complaint fails to plead sufficient facts to determine whether alleged comparators and plaintiff were similarly situated because it lacks any specificity as to the alleged comparators' qualifications, responsibilities, employment history and conduct that give rise to their reprimands).

Plaintiff has not sufficiently pleaded Ms. Zebo was similarly situated to him by merely alleging she was also a "probationary teacher." <u>See</u> <u>Butts</u>, 2018 U.S. Dist. LEXIS 170195, at *28 (Plaintiff did not successfully allege that she and her supposed comparator were similar situated when "she pleaded only one on commonality between [the comparator] and herself: they were both paraprofessionals."). Thus, the bare and conclusory allegation that Ms. Zebo was permitted to transfer while Plaintiff was discontinued does not create an inference of discriminatory intent. <u>See</u> <u>id.</u> at *29.

Second, Plaintiff does not allege a single fact establishing Ms. Zebo is outside his protected class. <u>See</u> Compl. at p. 9, ¶ 8. As a result, this Court cannot draw an inference of discrimination regarding Plaintiff's discontinuance based on his conclusory allegation that Ms. Zebo was "similarly situated." <u>See</u> <u>Anderson</u>, 2017 U.S. Dist. LEXIS 8358, at *24 (holding because Plaintiff failed to allege any facts establishing that the alleged comparator was in fact outside his protected class, the Court cannot draw any inferences of discrimination regarding his transfer and the removal of his supervisory duties). And while Plaintiff refers to the student

race/ethnicity demographics at his former school, <u>see</u> Compl. at p. 9, ¶ 4, he must allege facts plausibly supporting a finding that *employees* not in his protected class received more favorable treatment. See <u>Littlejohn</u>, 737 F.3d at 312 (internal citation and quotations omitted) (emphasis added). As explained above, Plaintiff has failed to do so.

Plaintiff's allegation of discrimination is nothing more than "a common (and patently defective) pleading technique . . . : I am (fill in the protected class of which the plaintiff is a member); something bad happened to me at work; therefore, the bad thing happened because I am (fill in the protected class)." <u>Jeanty v. Newburgh Beacon Bus Corp.</u>, No. 17-CV-9175 (CS), 2018 U.S. Dist. LEXIS 197248, at *22-23 (S.D.N.Y. Nov. 19, 2018) (internal citation and quotations omitted). "But this is a false syllogism that does not support an inference of discrimination." <u>Id.</u> at *23. Accordingly, Plaintiff has failed to state a plausible cause of action for discrimination under Title VII and the SHRL, and these claims against Defendants BOE and Principal Guillaume should be dismissed.

## A.     Plaintiff's Hostile Work Environment Claim under Title VII Fails

Title VII prohibits an employer from requiring its employees to work in a discriminatorily hostile or abusive environment. See <u>Littlejohn</u>, 737 F.3d at 320. It appears Plaintiff's hostile work environment claim is based on the Defendants' alleged racial discrimination. See Compl. Thus, to state a claim for hostile work environment based on discriminatory animus, a plaintiff must "adequately plead a causal connection between his protected status and the alleged hostile work environment." See <u>Trujillo v. City of New York</u>, No. 14 Civ. 8501 (PGG), 2016 U.S. Dist. LEXIS 194168, at *34-35 (S.D.N.Y. Mar. 29, 2016) (internal citation and quotation marks omitted).

It follows that Plaintiff must first show Defendants subjected him to a hostile work environment. Here, Plaintiff has failed to make such a showing. To establish a hostile

work environment, Plaintiff must "show that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993).

Stray remarks, standing alone, are insufficient to make out a hostile work environment claim. See Trujillo, 2016 U.S. Dist. LEXIS 194168, at *37. In Trujillo, the plaintiff alleged that before he was transferred, the Deputy Inspector for the NYPD told him he "was a fictitious Hispanic who did not speak Spanish fluently." See id. (internal citation and quotations omitted). This Court dismissed Plaintiff's hostile work environment claim, finding this single statement, without more, could not support a hostile work environment claim. See id.

In this case, Plaintiff has failed to show that Defendants subjected him to a hostile work environment because of his race. As an initial matter, Plaintiff has failed to even remotely allege that a single employee of Defendant BOE subjected him to racially discriminatory intimidation, ridicule, insults, or any form of harassment while employed as a teacher with the BOE. See generally Compl. In fact, the only allegation of discriminatory animus towards Plaintiff is Principal Guillaume's statement at his appeal hearing that he was not a "good fit." See id. at p. 9, ¶ 6. A single race-neutral statement made after Petitioner was discontinued is insufficient to constitute an actionable claim for hostile work environment.

As indicated above, this statement was not made while plaintiff was employed with the BOE. See id. at ¶ 6. Rather, Principal Guillaume made this statement at Plaintiff's appeal hearing approximately eight months after his probationary services were discontinued. See id. at ¶¶ 2-6. Thus, this statement is insufficient to support a claim for hostile work environment because this remark was not made in the workplace and could not have altered the

terms and conditions of his employment.  See Lenart v. Coach, Inc., 131 F. Supp 3d 61, 69 n. 1 (S.D.N.Y. 2015) (The comment, "a girl power team based in New York," made by plaintiff's supervisor "was made after [plaintiff] was terminated, and therefore could not have 'altered the condition of [his] employment'") (citing Tolbert v. Smith, 790 F.3d 427, 439 (2d Cir. 2015)).

Second, Principal Guillaume's statement is not, as a matter of law, "sufficiently severe or pervasive to alter the conditions of [Plaintiff's] employment and create an abusive working environment."  Littlejohn, 795 F.3d at 320-21.  Unlike the statement made by the defendant in Trujillo which referenced the plaintiff's race, here, Principal Guillaume's statement is does not contain identifiable racial overtones.  See Compl. at p. 9, ¶ 6.  But like in Trujillo, Principal Guillaume's single remark, standing alone, is wholly insufficient to make out a hostile work environment claim under Title VII.  See also White v. New York State Dep't of Corr. Servs. & Cmty. Supervision, No. 14 CV 10271 (VB), 2016 U.S. Dist. LEXIS 32281, at *2-3 (S.D.N.Y. Mar. 14, 2016) (granting motion to dismiss in a hostile work environment claim where plaintiff was called "'fake Rican' because he is black but speaks Spanish"); Rivera v. Brooklyn Hosp. Med. Ctr., 28 F. Supp. 3d 159, 163 (E.D.N.Y. 2014) (granting motion to dismiss where "[t]here is only one remark that referenced [plaintiff's] ethnic origin in the entirety of his hostile work environment allegations; that is the classic 'stray remark' which, standing alone, will not support a discrimination . . . claim" (footnote omitted) (citing Henry v. Wyeth Pharmaceuticals Inc., 616 F.3d 134, 149 (2d Cir. 2010)).

Accordingly, because Plaintiff has failed to show Defendants subjected him to a hostile work environment because of his race, his claim for hostile work environment under Title VII and the SHRL should be dismissed.

**B.** **Plaintiff's Retaliation Claim Under Title VII and the SHRL Fail**

Title VII makes it unlawful for an employer to "discriminate against an employee because that individual opposed any practice made unlawful by Title VII or made a charge, testified, assisted, or participated in a Title VII investigation or proceeding." See Littlejohn, 795 F.3d at 315 (citing 42 U.S.C. § 2000e-3(a)) (internal quotation omitted). Courts analyze Title VII and SHRL retaliation clams under the burden-shifting framework of McDonnell Douglas, 411 U.S. at 802-04; see also Kwan v. Andalex Grp., LLC, 737 F.3d 834, 843 (2d Cir. 2013). To establish a presumption of retaliation at the initial pleading stage, a plaintiff must present evidence that shows: (1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection existed between the protected activity and the adverse action. Littlejohn, 737 F.3d at 315-16 (internal quotation and citation omitted).

For a retaliation claim to survive a motion to dismiss, Plaintiff must plausibly allege that: (1) defendants discriminated, or took an adverse employment action, against him (2) because he opposed any unlawful employment practice. See Soto, 2019 U.S. Dist. LEXIS 94225, at *31-32 (citing Vega, 801 F.3d at 90). Crucially, a viable retaliation claim cannot be based on an adverse employment action that occurred *prior* to the plaintiff's protected activity. See Baptiste v. N.Y. City Transit Auth., No. 02 Civ. 6377 (NRB), 2004 U.S. Dist. LEXIS 5153, at *23 (S.D.N.Y. Mar. 29, 2004).

In Baptiste, the plaintiff alleged defendants retaliated against her for filing a complaint of discrimination with the EEOC and for filing a discrimination lawsuit. See Baptiste, 2004 U.S. Dist. LEXIS 5153, at *22. The plaintiff's alleged adverse employment action occurred in July 2001. See id. at *24. The plaintiff in Baptiste, however, did not file his complaint with the EEOC until September 2001 and did not file his discrimination lawsuit until

August 2002.  See id.  Thus, this Court dismissed plaintiff's retaliation claim because he failed to show he "suffered an adverse employment action as a result" of filing his EEOC charge and discrimination lawsuit.  See id.  This court in Baptiste found because plaintiff did not engage in the protected activity until after the occurrence of the alleged adverse employment action, he did not allege facts supporting a viable claim for retaliation under Title VII.  See id. at *22-24.

In this case, Plaintiff fails to plausibly allege the BOE discontinued him because he opposed any unlawful employment practice.  In July 2017, the BOE discontinued Plaintiff's probationary employment.  See Compl. at p. 9, ¶ 2.  However, Plaintiff does not allege he engaged in any form of protected activity before the BOE discontinued him.  See generally id. Rather, like the plaintiff in Baptiste, here, the only form of protected activity Plaintiff alleges to have engaged in was filing an EEOC charge and a discrimination lawsuit.  See generally id.; see Baptiste, 2004 U.S. Dist. LEXIS 5153, at *23 ("[T]here is no dispute that the filing of his EEOC charge and this [discrimination] lawsuit constituted protected activity.").

Plaintiff, however, filed his EEOC charge on July 5, 2018 and this lawsuit on May 14, 2019.  See Compl. at p. 6; ECF Dkt. Entry Nos. 1-3.  Thus, like the plaintiff Baptiste, in this case, Plaintiff did not engage in any protected activity until after the occurrence of the alleged adverse employment action.  Because Plaintiff has not alleged a single fact showing a causal connection between the protected activity and the adverse action, his retaliation claim under Title VII and under the SHRL should be dismissed.

### POINT III

**PLAINTIFF'S CHRL AND SHRL CLAIMS AGAINST DEFENDANT BOE MUST BE DISMISSED BECAUSE HE FAILED TO COMPLY WITH EDUCATION LAW § 3813(1) AND THE APPLICABLE ONE YEAR STATUTE OF LIMITATIONS PERIOD**

**A.      Plaintiff Failed to File a Timely Notice of Claim Under Education Law § 3813(1)**

"New York Education Law § 3813 requires a plaintiff to file a notice of claim prior to initiating a lawsuit against a school, school district, board of education, or education officer." Collins v. City of New York, 156 F. Supp. 3d 448, 460 (S.D.N.Y. 2016) (citing New York Education Law § 3813(1)); Amorisi v. South Colonie Ind. Cent. Sch. Dist., 9 N.Y.3d 367, 270 (2007). This statutory notice of claim requirement is designed to afford the school district the opportunity to investigate the full merits of, and, if appropriate, settle claims without the expense and risk of litigation. See Salesian Society, Inc. v. Vill. of Ellenville, 41 N.Y.2d 521, 524 (1977). The notice of claim requirement extends to discrimination claims brought under both the SHRL and the CHRL against the BOE. See Elgalad v. New York City Dep't of Educ., No. 17-CV-4849 (VSB), 2018 U.S. Dist. LEXIS 162838, at *10 (S.D.N.Y. Sept. 24, 2018).

It is plaintiff's burden to ensure that a sufficient notice of claim is served on the governing body of the school district within three months of the accrual of the cause of action. See N.Y. Educ. L. § 3813(1). A plaintiff must also plead as an allegation in the complaint that a notice of claim was filed. See id. (No action, "for any cause whatever,… shall be prosecuted or maintained against any school district [or] board of education…unless it shall appear by and as an allegation in the complaint.").

A plaintiff's "failure to plead compliance with § 3813(1)'s requirements is a fatal defect mandating dismissal of the action." See Elgalad, 2018 U.S. Dist. LEXIS 162838, at *12; see also Garrido v. N.Y.C. Dep't of Educ., No. 16 Civ. 9464 (DAB), 2018 U.S. Dist. LEXIS 43703, at *19 (S.D.N.Y. Mar. 15, 2018) ("Plaintiff does not allege in her Complaint that she filed a notice of claim, as required by NYEL § 3813(1). Accordingly, she may not proceed with this lawsuit, and her NYCHRL claims must be dismissed."); Legrá v. Bd. of Educ., No. 14-cv-9245 (JGK), 2016 U.S. Dist. LEXIS 144817, at *3 (S.D.N.Y. Oct. 19, 2016) ("[P]laintiff does

not allege that she served the notice on the governing arm of the district, much less that she did so within three months of the time that her claims accrued. Accordingly, the plaintiff does not meet statutory notice of claim requirements, and all state law claims against the DOE are dismissed.").

Here, Plaintiff brings both a SHRL and a CHRL claim against Defendant BOE. See Compl. at p. 4. Plaintiff learned the BOE was going to discontinue his probationary employment in July 2017. See Compl. at p. 9, ¶ 2. Thus, at the absolute latest, Plaintiff had until October 2018, three months after July 2018, to seek leave to file a notice of claim with the BOE. Plaintiff, however, has never filed a notice of claim nor sought leave to file a late notice of claim, and fails to plead as an allegation in his Complaint that he filed the requisite notice of claim. See generally Compl.

Plaintiff's failure to file a timely notice of claim or plead that he did is fatal to his SHRL and CHRL claims against Defendant BOE, and accordingly, these claims must be dismissed. See Elgalad, 2018 U.S. Dist. LEXIS 162838, at *12; Collins, 156 F. Supp. 3d at 460; Legrá, 2016 U.S. Dist. LEXIS 144817, at *3.

**B.      Plaintiff Failed to Commence his SHRL or CHRL Claims Against Defendant BOE within the Applicable One Year Statute of Limitations Period**

Even if the Court finds Plaintiff's failure to file a timely notice of claim is not fatal, his SHRL and CHRL claims against Defendant BOE are barred by the application of the one year statute of limitations period. Discrimination claims against a school district or board brought under the SHRL and the CHRL have a one (1) year statute of limitations. New York Education Law § 3813(1); Wade v. New York City Dep't of Educ., 667 F. App'x 311, 312 (2d Cir. 2016). An employment discrimination claim accrues, and the statute of limitations begins to run, on the date that an adverse employment determination is made and communicated to

plaintiff.  <u>Del. State College v. Ricks</u>, 449 U.S. 250, 258, (1980);  <u>see</u> <u>Garrido v. N.Y.C. Dep't of</u>

<u>Educ.</u>, No. 16 Civ. 9464(DAB), 2018 U.S. Dist. LEXIS 43703, at *19 (S.D.N.Y. Mar. 15, 2018).

        In <u>Garrido</u>, the plaintiff learned of the adverse employment action taken against

her on December 3, 2014.  <u>See</u> <u>Garrido</u>, 2018 U.S. Dist. LEXIS 43703, at *19.  The plaintiff in

<u>Garrido</u> filed her complaint against the BOE under the CHRL on December 8, 2016.  <u>See</u> <u>id.</u>

This Court held the plaintiff's CHRL claim was time barred because she filed her complaint over

a year after she learned of the adverse employment action taken against her.  <u>See</u> <u>id.</u>  The court in

<u>Garrido</u> found, "Education Law Section 3813(1) explicitly forecloses prosecution or

maintenance of any action against a school district or officer thereof unless the complaint

<u>affirmatively alleges</u> facts establishing timeliness."  <u>Id.</u> (internal citation and quotations omitted).

        In this case, Plaintiff admits that in July 2017, he learned the BOE was going to

discontinue his probationary employment.  <u>See</u> Compl. at p. 9, ¶ 2.  Plaintiff, however, filed his

Complaint in this action on May 14, 2019, approximately a year and ten months after he learned

he was going to be discontinued.  <u>See</u> ECF Dkt. No. 2; Ex. A at p. 4.  Thus, like the plaintiff in

<u>Garrido</u>, here, Plaintiff filed his complaint over one year after learning about the adverse

employment action taken against him.  And, to the extent Plaintiff seeks to argue the one year

statute of limitations period did not begin to run until after he appealed his discontinuance, this

argument must fail.  "[T]he possibility that the [discontinuance] may be reversed is insufficient

to toll the limitations period."  <u>See</u> <u>Pinder v. City of New York</u>, 49 A.D.3d 280, 281 (1st Dep't

2008).

        Accordingly, Plaintiff's SHRL and CHRL claims against Defendant BOE are

time barred, and must be dismissed on this basis as well.  <u>See</u> <u>Garrido</u>, 2018 U.S. Dist. LEXIS

43703, at *19-20.

**POINT IV**

**PLAINTIFF'S CHRL CLAIMS AGAINST PRINCIPAL GUILLAUME MUST BE DISMISSED BECAUSE HE FAILS TO SUFFICIENTLY PLEAD A CAUSE OF ACTION FOR DISCRIMINATION, RETALIATION AND HOSTILE WORK ENVIRONMENT**

**A.     Applicable Pleading Standards**

Individuals may be held liable for discrimination, retaliation and hostile work environment under the CHRL, "if they actually participated in the conduct giving rise to the claim.  See Gonzalez v. City of New York, 377 F. Supp. 3d 273, 302 (S.D.N.Y. 2019). The Court "must analyze [CHRL] claims separately and independently from any federal and state law claims." Johnson v. Andy Frain Servs., 638 Fed. Appx. 68, 71 (2d Cir. 2016) (internal citation and quotation marks omitted).  While CHRL claims are to be reviewed more liberally than Title VII and SHRL claims, and the provisions of the provisions of the CHRL must be construed broadly in favor of plaintiffs alleging discrimination, the CHRL "is not a general civility code [and] plaintiff still bears the burden of showing the conduct is caused by a discriminatory motive." See Isbell v. City of New York, 316 F. Supp. 571, 593 (S.D.N.Y. 2018) (citing Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 110 (2d Cir. 2013); Johnson, 638 Fed. Appx. at 71.

As discussed below, the Complaint fails to plausibly allege Defendants were motivated in any way by discrimination intent.  Accordingly, Plaintiff fails to state a cause of action for discrimination, retaliation and hostile work environment under the CHRL.

**B.     Plaintiff's Discrimination Claim under the CHRL Fails**

For a discrimination claim under the CHRL to survive a motion to dismiss, a "complaint must . . . allege facts on the basis of which a court can find differential treatment –

*i.e.*, the plaintiff was treated less well – because of discriminatory intent." <u>Anderson</u>, 2017 U.S. Dist. LEXIS 8358, at *23 (internal citation and quotation omitted); <u>See also</u> <u>Gorokhovsky v. New York City Hous, Auth.</u>, 552 Fed. Appx. 100, 102 (2d Cir. 2014) (a plaintiff "must only show differential treatment of any degree based on a discriminatory motive."). A "[p]laintiff still bears the burden of showing that the conduct is caused by a discriminatory motive." <u>See</u> <u>Anderson</u>, 2017 U.S. Dist. LEXIS 8358, at *23.

Here, even under the more liberal CHRL discrimination standard, Plaintiff fails to sufficiently allege he was discontinued because of any discriminatory intent. While Plaintiff, in conclusory fashion, states the BOE terminated him while it allowed Ms. Zebo to transfer schools, <u>see</u> Compl. at p. 9, ¶ 8, Plaintiff does not allege a single fact suggesting the difference in treatment was because of his race. <u>See generally</u> Compl. In fact, as stated above, Plaintiff does not plead a single fact showing Ms. Zebo is even outside his protected class outside. <u>See generally</u> <u>id.</u>; <u>supra</u> Point II, § B. Plaintiff has not alleged facts even remotely suggesting Principal Guillaume treated him less than well than Ms. Zebo because he is white. <u>See</u> <u>supra</u> Point II, § B.

Accordingly, Plaintiff's claim against Principal Guillaume for racial discrimination claim under the CHRL should be dismissed. <u>See</u> <u>Anderson</u>, 2017 U.S. Dist. LEXIS 8358, at *25 ("Plaintiff fails to meet even this more liberal pleading standard . . . because he fails to allege any facts that give rise to an inference of discrimination.").

## C.     Plaintiff's Retaliation Claim under the CHRL Fails

"The retaliation inquiry under the CHRL is broader than its federal counterpart." <u>Gordon v. City of New York</u>, No. 14-CV-6115 (JPO), 2015 U.S. Dist. LEXIS 70915, at *35 (S.D.N.Y. June 2, 2015). Under the CHRL, to state a claim for retaliation, "a plaintiff need not show that the adverse action resulted in material harm; he need only show that the employer

engaged in conduct that was reasonably likely to deter a person from engaging in the protected activity." Diaz v. City Univ. of N.Y., No. 13 Civ. 2038 (PAC)(MHD), 2015 U.S. Dist. LEXIS 126855, at *24-25 (S.D.N.Y. Sept. 22, 2015) (citing Mihalik, 715 F.3d at 112). Yet, the Second Circuit "has at least suggested that there is no likely significant difference between the two standards, although they are formulated in slightly different terms." Id. at *85 ((citing Fincher v. Depository Trust & Cleaning Group, 604 F.3d 712, 723 (2d Cir. 2010)).

Here, Plaintiff fails to sufficiently state a claim for retaliation under the CHRL. As explained above, the BOE discontinued Plaintiff approximately a year before he engaged in any form of protected activity. See supra Point II, § B. Thus, because a viable retaliation claim cannot be based on an adverse employment action that occurred prior to the Plaintiff's protected activity, it cannot be said the BOE's conduct in this case would likely deter a person from filing an EEOC charge or discrimination lawsuit. See Baptiste, 2004 U.S. Dist. LEXIS 5153, at *23. Accordingly, Plaintiff's claim for retaliation under the CHRL should be dismissed against Principal Guillaume.

**D.      Plaintiff's Hostile Work Environment Claim under the CHRL Fails**

"Courts have applied largely the same standard to hostile work environment claims under [the CHRL] as they have to disparate impact claims under [the CHRL]." Mikolaenko v. New York Univ., No. 16 Civ. 413 (DAB), 2017 U.S. Dist. LEXIS 146776, at *28-29 (S.D.N.Y. Sept. 7, 2017). While "a plaintiff need not demonstrate that the treatment was severe or pervasive to demonstrate a hostile work environment[,]" see Gonzalez, 377 F. Supp. 3d at 302, the plaintiff must plausibly allege facts from which a reasonable inference can be drawn that the motivation for the hostile work environment was their race. See Akinsanya, 2017 U.S. Dist. LEXIS 120962, at *20.

Here, Plaintiff fails to allege Principal Guillaume subjected him to hostile work environment. As explained above, the only allegation of discriminatory animus towards Plaintiff occurred approximately eight months after the BOE discontinued him. <u>See</u> Compl. at p. 9, ¶ 5; <u>supra</u> Point II, § D.  Thus, Principal Guillaume's alleged racial comment was not made in the workplace and could not have altered his terms and conditions of employment to create a hostile work environment. <u>See</u> <u>supra</u> Point II, § D; <u>Lenart</u>, 131 F. Supp 3d at 69, n. 1.  In any event, Plaintiff has also failed to allege a single fact from which any inference can be drawn that Principal Guillaume's facially neutral statement was motivated by his race. <u>See generally</u> Compl.

Accordingly, Plaintiff's claim for hostile work environment under the CHRL should be dismissed against Principal Guillaume.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to dismiss the complaint, together with such other and further relief as this Court deems just and proper.

Dated:     New York, New York
           November 15, 2019


                          **JAMES E. JOHNSON**
                          Corporation Counsel of the
                            City of New York
                          Attorney for Defendants
                          100 Church Street, Room 2-142
                          New York, New York 10007
                          (212) 356-0889
                          ddandrig@law.nyc.gov


            By:     /s/
                          Danielle Dandrige
                          Assistant Corporation Counsel

Angela Wanslow*
Assistant Corporation Counsel
*application for admission pending