UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES MAURO,   19-cv-4372 (GBD) (KHP)

                              Plaintiff,

-vs-

NEW YORK CITY DEPARTMENT OF EDUCATION, MARIE GUILLAUME,

                              Defendants.

---

### *Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Initial Complaint*

---

James Mauro
Plaintiff *pro se*
90 Kennington St
Staten Island, NY 10308
(718) 356-8149

To: Angela Wanslow
New York City Law Department
100 Church Street
New York, NY 10007
(212)-356-2441



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-13-20

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 2
STATEMENT OF FACTS .......................................................................................................... 2
ARGUMENT ................................................................................................................................ 4
PLAINTIFF HAS VIABLE RACE DISCRIMINATION CLAIMS UNDER FEDERAL LAW .. 4
PLAINTIFF HAS VIABLE RACE DISCRIMINATION CLAIMS UNDER STATE AND CITY LAW ................................................................................................................................ 6
CONCLUSION ............................................................................................................................ 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JAMES MAURO,

                Plaintiff,

                                                          **19-CV-4372 (GBD) (KHP)**

 -against-

NYC DEPARTMENT OF EDUCATION,
MARIE GUILLAUME,

                Defendants.
----------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

## PRELIMINARY STATEMENT

Plaintiff *pro se* JAMES MAURO submits this memorandum of law in response to Defendants' motion to dismiss. This case was commenced pursuant to violations of Title VII of the Civil Rights Act of 1964 and the New York State and City Human Rights Law. Defendants' motion is premature at this juncture and should be denied, as Plaintiff has stated a valid claim of race discrimination under federal Title VII and related state and city laws. Therefore, this matter should be promptly scheduled for pretrial discovery and an eventual trial on this basis. Alternatively, if the Court finds that more factual detail is appropriate, Plaintiff seeks leave to file an amended complaint with additional factual detail.

## STATEMENT OF FACTS

Plaintiff James Mauro was employed as a licensed Social Studies New York City public school teacher who was in his first year of employment within the NYCDOE in the 2016-17 school

2

year. He was subject to disparate treatment based on his race (Caucasian) at the High School for Energy and Technology in the Bronx, which culminated in him being discontinued from probationary service, effectively resulting in his termination as a teacher in June 2017, and having a permanent negative mark or problem code on his record for being fired and banned from teaching high school at any BOE school. All of his administrators during his first year of teaching were African American, and he was told he was not a "good fit" for the school (a code word for race), in a school which was comprised of almost all minority black and Hispanic students.

Mr. Mauro received disparaging treatment that his similarly-situated black teacher counterparts did not experience. He was scrutinized much more closely than his similarly-situated minority colleagues, and as a result was discontinued and removed from the school without the chance for seeking employment elsewhere within the NYCDOE and safely transferring to another school. As a first-year teacher, Mr. Mauro had 3 years left in his probationary period after his first year and was not given a chance to succeed. He was also assigned the most behaviorally challenging students, students more challenging than his minority coteachers were assigned. Other similarly situated teachers, like Ms. Zebo Pirmukhamedova, who was of a different protected class than Mr. Mauro, received more favorable treatment than Mr. Mauro.

## ARGUMENT

### POINT I

### PLAINTIFF HAS VIABLE FEDERAL RACE DISCRIMINATION CLAIMS UNDER TITLE VII.

In order to establish a *prima facie* case of race discrimination under Title VII, a plaintiff must show that he (1) falls within a protected class; (2) he was performing his duties satisfactorily; (3) he was subject to an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of unlawful discrimination. *See Graham Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000); *Hongyan Lu v. Chase Inv. Servs. Corp.*, 412 Fed. Appx. 413, 2011 U.S. App. LEXIS 4626 at *5. Though a plaintiff bears the burden of producing evidence sufficient to support a prima facie case of discrimination, such evidence need be no more than "minimal" or "de minimis." *See, e.g., Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 75 (2d. Cir. 2005).

A plaintiff's establishment of a prima facie case gives rise to a presumption of unlawful discrimination that shifts the burden of production to the defendant, who must proffer a "legitimate, nondiscriminatory reason" for the challenged employment action. *See Woodman*, 411 F.3d at 76.

Plaintiff suffered an adverse employment action that occurred under circumstances giving rise to an inference of discrimination as a result of his discontinuance/termination. As will be shown, Plaintiff clearly has met his burden for all of these elements to survive a motion to dismiss as this early stage of this litigation. At this stage in litigation, Defendants have submitted a motion to dismiss. They have not submitted an Answer, and no discovery has been conducted. As such, they have not established any legitimate, non-discriminatory reasons for Plaintiff's adverse action of discontinuance against him. Indeed, this Court has rejected similar arguments made in other

cases. *See Anderson v. City of N.Y.*, 2017 U.S. Dist. LEXIS 8358, at *26 (SDNY Jan. 19, 2017, No. 1:16-cv-01051 [GBD] [KHP]) (holding that at the pleading stage, a plaintiff does not need to provide discrimination, allege facts establishing every element of a *prima facie* case, or demonstrate that Defendants' legitimate nondiscriminatory reasons were pretextual).

In this case, Plaintiff has both direct evidence of racial discrimination and also evidence of disparate treatment with regard to similarly situated employees. The administration at the school were all African American/Haitian American as was Plaintiff's chapter leader and the majority of the students in the school. The chapter leader, who was close to the principal, told Plaintiff that the administration felt he was "not a good fit" for the school which is a code word that he did not belong there as a Caucasian teacher. Also, at the appeal hearing following Plaintiff's discontinuance, defendant Marie Guillaume stated that plaintiff was not a "good fit," which is a code word for racial discrimination.

As far as disparate treatment, "an employee is similarly situated to co-employees if they were (1) subject to the same performance evaluation and discipline standards and (2) engaged in comparable conduct." In this case, Plaintiff is white while Ms. Zebo is Asian; or, specifically, Uzbek. Ms. Zebo was a special education teacher and was subjected to the same performance evaluation and discipline standards as Plaintiff. Among the disparate treatment against Plaintiff was that he was told he was not a good fit at school and discontinued while Ms. Zebo allowed to safely transfer and was not told that she was not a good fit. Plaintiff was discontinued while a member of another protected class was able to relocate to another school "closer to her family"; according to Principal Guillaume. Another white teacher, Brian Basso, like Plaintiff, was discontinued while Ms. Zebo was not. Only Caucasian teachers received letters to file while Ms. Zebo did not. Similarly, defendant Marie Guillaume did not go after other minority teachers who

5

were her friends who previously taught at other schools but were then employed at the High School for Energy and Technology in their first year like Plaintiff was.

The review panel which reviewed Plaintiff's case after he was discontinued also stated that was not enough to warrant a discontinuance of Plaintiff's probationary service after one year of teaching. There was no legitimate business reason to discontinue Plaintiff's employment, as Plaintiff's prior observation was rated "developing" and he was a first year teacher who had just completed his first year of service at the NYCDOE. Defendant did not allow Plaintiff to safely transfer schools while Ms. Zebo was not discontinued and allowed to transfer at the end of the school year.

## POINT II

### Plaintiff Has Stated Valid Discrimination Claims Under the SDHR and CCHR

Under the more liberal state and city law standards, Plaintiff has valid claims under state and city law because he was treated less well because of his race. For the reasons stated above, Defendants' motion to dismiss on his state and city law race discrimination claims should be denied as well.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion to dismiss, order the case to proceed to discovery on all material factual issues, and grant such other and further relief as the Court may deem just and proper. In the alternative, should the Court deem it necessary, Plaintiff respectfully requests leave to amend the complaint to provide sufficient facts on which relief can be granted.

Dated: Staten Island, New York
      February 13, 2020

By: _____ *James Mauro* _____
     JAMES MAURO

Plaintiff *pro se*
90 Kennington St
Staten Island, NY 10308
(718) 356-8149