**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JAMES J. MAURO,

                          Plaintiff,

      -against-

NEW YORK CITY DEPARTMENT OF EDUCATION
and MARIE GUILLAUME, *Principal of High School for
Energy and Technology,*

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 0 9 2020

MEMORANDUM DECISION
AND ORDER

19 Civ. 4372 (GBD) (KHP)

GEORGE B. DANIELS, United States District Judge:

    *Pro se* Plaintiff James J. Mauro brings this action against Defendants New York City Department of Education (the "DOE") and Marie Guillaume, principal of the High School for Energy and Technology, alleging discrimination, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17; New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290–297; and New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code § 8-101–131.[1] (*See* Compl., ECF No. 2, at 2–4.) Defendants move to dismiss Plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Notice of Mot., ECF No. 23, at 1.)

    Before this Court is Magistrate Judge Katharine H. Parker's April 29, 2020 Report and Recommendation (the "Report"), recommending that Defendants' motion to dismiss be granted.[2]

---

[1] On July 5, 2018, Plaintiff initially filed a charge of discrimination against Defendants with the United States Equal Employment Opportunity Commission (the "EEOC") under Title VII, NYSHRL, and NYCHRL, alleging race discrimination, hostile work environment, and retaliation. (R.&R. ("Report"), ECF No. 32, at 3.) On April 25, 2019, the EEOC provided Plaintiff with a Notice of Right to Sue and shortly thereafter he filed this action on May 14, 2019. (*Id.* at 4.)

[2] The relevant factual and procedural background is set forth in greater detail in the Report and incorporated by reference herein.

(Report at 1.)  Magistrate Judge Parker advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal.  (*Id.* at 19.)  No objections have been filed.  Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report.[3]

## I.   FACTUAL BACKGROUND

In August 2016, Guillaume offered Plaintiff a job for the 2016–17 school year at the High School for Energy and Technology in the Bronx after observing him complete a demo lesson at a job fair for new teachers.  (Compl. at 15.)  Plaintiff is white, while Guillaume is of "African American/Haitian descent." (*Id.* at 16.)  The high school has "demographics of 70% Hispanic and roughly 30% African American." (*Id.*)  Plaintiff was assigned to teach "Economics/Participation in Government" to ninth and tenth grade students.  (*Id.*)  In July 2017, Plaintiff was terminated from his employment after four teaching observations and receiving two letters to file.  (*Id.* at 15–16.)  Plaintiff appealed his termination.  (*Id.* at 9.)

On March 16, 2018, a three-member panel conducted a hearing to consider whether Plaintiff's "discontinuance would remain or not." (*Id.*)  Plaintiff alleges that the panel's review focused on whether he was properly assigned to teach the economics and government class, which "per state law . . . is traditionally given in the [twelfth] grade before graduation." (*Id.* at 15.)  During the hearing, Guillaume allegedly stated that Plaintiff was "not a good fit" for the position, which Plaintiff claims was "irrelevant to whether or not the students [he] was assigned to instruct were correctly given the appropriate class." (*Id.*)  At the conclusion of the hearing, the

---

[3] On May 14, 2020, Plaintiff filed a proposed amended complaint to which Defendants object by letter to Magistrate Judge Parker on the grounds that it was inappropriately filed, or alternatively because Plaintiff continues to fail to state a claim for relief.  (*See* Am. Add. to Fed. Compl., ECF No. 34; Am. Compl., ECF No. 36; Defs.' Letter dated May 28, 2020, ECF No. 38.)

three-member panel recommended that Plaintiff not be discontinued.  (*Id.* at 9.)  However, the DOE rejected the panel's recommendation and reaffirmed Plaintiff's discontinuance.  (*Id.*)

In Plaintiff's opposition brief, he asserts that other teachers, including one who is Asian or Uzbek, were similarly considered "not a good fit" and subjected to the same "performance evaluation and disciplinary standards."  (Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 30, at 5.)  They were allowed to transfer to other schools, while he was terminated.  (*Id.*)  Plaintiff contends that he was wrongfully terminated because he is "white," and being labeled "not a good fit" was code for racial discrimination.  (Compl. at 9.)

## II.   LEGAL STANDARDS

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C).  A magistrate judge's report to which no objections are made is reviewed for clear error.  *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted).  "In clear error review, a court should reverse a finding only if it is 'left with the definite and firm conviction that a mistake has been committed,' and not merely if it 'would have decided the case differently.'"  *Hernandez v. City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

### B. Rule 12(b)(6) Failure to State a Claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a

3

facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp.*, PLC, 709 F.3d 109, 119–20 (2d Cir. 2013).

### C. *Pro Se* Litigants.

Submissions of *pro se* litigants are read liberally and interpreted to "raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted). While the review of a *pro se* complaint for sufficiency requires such "special solicitude," *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)), the pleadings of these plaintiffs must still "contain factual allegations sufficient to raise a right to relief above the speculative level," *Dawkins v. Gonyea*, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009) (quoting *Twombly*, 550 U.S. at 555).

4

### III.   DEFENDANTS' MOTION TO DISMISS IS GRANTED

**A.  Plaintiff's NYSHRL and NYCHRL Claims Against the DOE Are Dismissed.**

Magistrate Judge Parker properly recommended that dismissal of Plaintiff's NYSHRL and

NYCHRL claims against the DOE is warranted "because Plaintiff failed to comply with the notice

of claim requirement." (Report at 6.)  Plaintiff's NYSHRL and NYCHRL claims are "subject to

the notice of claim requirements contained in [New York] Education Law § 3813(1)." *Nelson v.*

*Mount Vernon City Sch. Dist.*, No. 15 Civ. 8276 (KMK), 2017 WL 1102668, at *3 (S.D.N.Y. Mar.

23, 2017) (citation omitted).

> Education Law § 3813(1), in relevant part, states:
>
> No action or special proceeding, for any cause whatever, . . . shall be prosecuted or
> maintained against any school district, board of education, . . . or any officer of a
> school district, [or] board of education . . . unless it shall appear by and as an
> allegation in the complaint or necessary moving papers that a written verified claim
> upon which such action or special proceeding is founded was presented to the
> governing body of said district or school within three months after the accrual of
> such claim . . . .

N.Y. Educ. Law § 1381(1).  It is "well settled in the Second Circuit 'that Education Law § 3813(1)

is a statutory condition precedent to a [plaintiff's] bringing of a proceeding against a school district

or board of education, and a [plaintiff's] failure to comply is a fatal defect mandating dismissal of

the action.'" *Id.* (citation omitted).  *Nelson*, 2017 WL 1102668, at *3 (citation omitted).

Here, Plaintiff's NYSHRL and NYCHRL claims accrued in July 2017 when he was

terminated from his position.  (Report at 7.)  He therefore had until October 2017 to file his

complaint with the DOE.  (*Id.*)  However, there is nothing in the complaint that indicates that he

filed a notice of claim with the DOE within that time period.  (*Id.*)  Some courts have held that

filing a complaint with the EEOC may satisfy the notice of claim requirement so long as the three-

month time period was met.  *See, e.g.*, *Williams v. N.Y.C. Dep't of Educ.*, No. 17 Civ. 1996 (AJN),

2018 WL 4735713, at *7 (S.D.N.Y. Sep. 28, 2018). Because the DOE rejected Plaintiff's appeal on March 16, 2018 and he did not file with the EEOC until July 5, 2018—more than three months after the DOE's denial—he failed to meet the notice of filing requirement. (Report at 7.) Accordingly, Plaintiff's NYSHRL and NYCHRL claims against the DOE are dismissed with prejudice.

## B. Plaintiff's Discrimination Claims Are Dismissed.

Magistrate Judge Parker properly held that Plaintiff fails to sufficiently allege race-based discrimination claims under Title VII, the NYSHRL, and the NYCHRL. (*Id.* at 11.) To establish a prima facie claim for racial discrimination under Title VII and NYSHRL, a plaintiff must show that "1) he belonged to a protected class; 2) he was qualified for the position; 3) he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003) (citation omitted); *see also Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010) (finding that NYSHRL discrimination claims are subject to the same standard as Title VII claims).

Although NYCHRL claims are subject to a similar standard as NYSHRL claims, "courts must analyze NYCHRL claims separately and independently from any federal and state law claims" and must construe them 'broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible.'" *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013) (citations omitted). To bring a discrimination claim under NYCHRL, a plaintiff need only show that he was "treated less well than other employees" due to his race. *Williams v. N.Y.C. Hous. Auth.*, 61 A.D.3d 62, 78 (1st Dep't 2009); *accord Belton v. City of New York*, No. 12 Civ. 6346 (JPO), 2014 WL 4798919, at *7 n.6 (S.D.N.Y. Sept. 26, 2014), *aff'd*, 629 F. App'x 50 (2d Cir. 2015).

6

Magistrate Judge Parker correctly found that Plaintiff did not satisfy the final element of his prima facie case. (Report at 9.) "Specifically, he has failed to provide facts suggesting a plausible inference of discrimination." (*Id.*) Plaintiff contends, without pointing to specific discriminatory or biased statements or conduct, that Guillaume's statement that he was "not a good fit" was "code for racial discrimination." (Compl. at 9.) Where, as here, the plaintiff makes conclusory allegations of racial animus without providing any context, this Circuit has consistently dismissed such allegations. *See Perry v. Sony Music*, 462 F. Supp. 2d 518, 520 (S.D.N.Y. 2006) (holding that the plaintiff made no "specific factual allegation of racial discrimination . . . [but] asserts simply . . . that he felt he was discriminated against because he is black.") Indeed, Guillaume's statement, without more, does not support an inference of discriminatory animus.

Magistrate Judge Parker also appropriately found Plaintiff did not plead facts showing that similarly situated non-white teachers were treated differently on the basis of race. (Report at 10.) A plaintiff must demonstrate that "she was treated differently from others in a way that was more than trivial, insubstantial, or petty." *Varughese v. Mount Sinai Med. Ctr.*, No. 12 Civ. 8812 CM JCF, 2015 WL 1499618, at *39 (S.D.N.Y. Mar. 27, 2015), *aff'd*, 693 F. App'x 41 (2d Cir. 2017) (citation omitted). Here, Plaintiff asserts that another teacher, Ms. Zebo, who he claims is "Uzbek," was subject to the same evaluation standards, but was permitted to transfer schools as opposed to being terminated. (Pl.'s Opp'n at 5.) Plaintiff also contends that only "Caucasian teachers received letters to file while Ms. Zebo did not." (*Id.*) However, comparing the difference in racial background between himself with Ms. Zebo is an inadequate basis for Plaintiff to prevail on his discrimination claims. *See Algarin v. City of New York*, No. 12 Civ. 1264 (LTS), 2012 WL 4814988, at *3 (S.D.N.Y. Oct. 10, 2012) (finding that "the difference in racial background . . . is insufficient to provide [a] plausible factual basis for an inference of prohibited discrimination").

Plaintiff failed to allege that he and Ms. Zebo were similarly situated in material respects—*i.e.*, that "they were of similar tenure, had similar performance records, were under the same evaluation and disciplinary standards, or were otherwise similarly situated." (Report at 10–11.) Indeed, "[Plaintiff's] conclusory assertions that white teachers were subject to more scrutiny or not allowed to transfer is insufficient to demonstrate disparate treatment or that he was treated less well than non-white teachers because of his race." (*Id.* at 11.) Accordingly, Plaintiff's discrimination claims under Title VII, the NYSHRL, and the NYCHRL are dismissed for failure to state a claim.

### C.  Plaintiff's Hostile Work Environment Claims Fail.

Magistrate Judge Parker appropriately held that "[t]o the extent that Plaintiff's complaint can be construed as stating a claim for hostile work environment harassment based on race, his claim also fails." (Report at 13.) To succeed on a hostile work environment claim under Title VII and NYSHRL, a plaintiff must demonstrate that the workplace exhibits "discriminatory intimidation, ridicule, and insult [that is] sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (citation omitted); *see also Lenart v. Coach, Inc.*, 131 F. Supp. 3d 61, 66 (S.D.N.Y. 2015) (citation omitted) (holding that "hostile work environment claims…under Title VII and NYSHRL…are governed by the same standards."). Under the NYCHRL, a plaintiff bringing a hostile work environment claim must demonstrate that he was treated "less well than other employees" due to a protected characteristic. *Williams*, 61 A.D.3d at 78.

Here, Plaintiff merely argues that Guillaume claimed that he was "not a good fit" for the position. (Compl. at 9.) This isolated incident does not satisfy the "severe or pervasive" standard under Title VII and NYSHRL. *See Petrosino v. Bell Atlantic*, 385 F.3d 210, 223 (2d Cir. 2004) (citation omitted) (holding that "isolated incidents of offensive conduct (unless extremely serious)

will not support a claim of discriminatory harassment."). Further, Plaintiff asserts that only Caucasian teachers "received letters to file" without providing any additional evidence of discrimination in support of his assertion. (Pl.'s Opp'n at 5.) These facts alone do not support an inference that he was treated "less well" than other employees and, therefore, Plaintiff also does not meet the standard under NYCHRL. (Report at 14.) Lastly, because Plaintiff did not oppose Defendants' motion to dismiss a hostile work environment claim, that claim is deemed waived and, thereby, dismissed. *See Hanig v. Yorktown Cent. Sch. Dist.*, 384 F. Supp. 2d 710, 723 (S.D.N.Y. 2005) (holding that "because plaintiff did not address defendant's motion to dismiss with regard to this claim, it is deemed abandoned and is hereby dismissed.").

**D. Plaintiff's Retaliation Claims Are Without Merit.**

Magistrate Judge Parker properly recommended that Plaintiff's retaliation claims under Title VII, NYSHRL, and NYCHRL be dismissed. (Report at 16.) To establish a prima facie retaliation claim under Title VII and NYSHRL, a plaintiff must demonstrate "[1] participation in a protected activity known to the defendant; [2] an employment action disadvantaging the plaintiff; and [3] a causal connection between the protected activity and the adverse employment action." *Richardson v. Comm'n on Human Rights & Opportunities*, 532 F.3d 114, 123 (2d Cir. 2008) (citation omitted). Under NYCHRL, a plaintiff need not prove there was an adverse employment action, but rather show that something happened "that would be reasonably likely to deter a person from engaging in protected activity." *Jimenez v. City of New York*, 605 F. Supp. 2d 485, 528 (S.D.N.Y. 2009) (quoting NYCHRL § 8–107(7)).

Here, Plaintiff's sole protected activity was his filing a complaint with the EEOC followed by the instant action. (Report at 16.) However, because Plaintiff filed with the EEOC four months after his was appeal was denied, there is no casual connection between the protected activity and

the adverse employment action. *See Baptiste v. N.Y.C. Transit Auth.*, No. 02 Civ. 6377 (NRB), 2004 WL 626198, at *7 (S.D.N.Y. Mar. 29, 2004) ("As plaintiff did not engage in the protected activity until after the occurrence of the alleged adverse employment actions, he cannot show any causal connection between the alleged adverse employment actions and his protected activities."). Moreover, given that Plaintiff did not oppose Defendants' motion to dismiss his retaliation claims, that claim is also deemed abandoned and, therefore, dismissed. *See Hanig*, 384 F. Supp. 2d at 723.

**E. Claims Against Guillaume Are Dismissed.**

Magistrate Judge Parker correctly recommended that Plaintiff's Title VII, NYSHRL, and NYCHRL claims against Guillaume individually be dismissed. (Report at 17.) As an initial matter, Title VII does not permit suits against individuals and, therefore, Plaintiff's Title VII discrimination, retaliation, and hostile work environment claims against Guillaume are dismissed with prejudice. *See, e.g.*, *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 157 (2d Cir. 2017) (citation omitted).

Under NYSHRL and NYCHRL, however, individuals can be held liable for aiding and abetting conduct that violates the law. N.Y. Exec. Law § 296(1), (6); N.Y.C. Admin Code § 8-107(6). To prevail on an aiding and abetting claim under both NYSHRL and NYCHRL, a plaintiff must demonstrate that "the individual employee . . . must have 'actually participated in the conduct giving rise to the claim.'" *Malena v. Victoria's Secret Direct, LLC*, 886 F. Supp. 2d 349, 367 (S.D.N.Y. 2012) (citation omitted). Plaintiff asserts, without more, that Guillaume's "not a good fit" comment was code for discrimination. (Compl. at 9.) "Analyzing the allegations in a light most favorable to Plaintiff and interpreting the [c]omplaint to assert the strongest arguments it suggests, there are insufficient allegations to state a claim for aiding and abetting liability under the NYSHRL and the NYCHRL against Guillaume because the facts are insufficient to support a

10

claim of discrimination under these laws.  (Report at 17.)  Accordingly, Plaintiff's NYSHRL and

NYCHRL claims against Guillaume are dismissed.

## IV.    CONCLUSION

Magistrate Judge Parker's Report is ADOPTED.  The motion to dismiss Plaintiff's claims

against Defendants is GRANTED.   The Clerk of Court is directed to close the motion,

(ECF No. 23), and to mail a copy of this memorandum decision and order to Plaintiff.


Dated: New York, New York
       July 9, 2020

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

11