**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES MAURO,

                          Plaintiff,

     -v-

NEW YORK CITY DEPARTMENT OF EDUCATION,:
MARIE GUILLAUME, PRINCIPAL OF HIGH SCHOOL:
FOR ENERGY AND TECHNOLOGY,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

19 CV. 04372 (GBD) (KHP)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff James Mauro brings this action against Defendants New York City Department of Education (the "DOE") and Marie Guillaume, principal of the High School for Energy and Technology (collectively, "Defendants"), alleging discrimination, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL") (*See* Second Amended Complaint ("SAC"), ECF No. 49, at 3-4.) On July 9, 2020, this Court adopted Magistrate Judge Parker's April 29, 2020 Report and Recommendation and dismissed Plaintiff's initial complaint for failure to state a claim. Defendants now move to dismiss Plaintiff's SAC for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Notice of Mot., ECF No. 50, at 1.)

Before this Court is Magistrate Judge Katherine H. Parker's December 10, 2020 Report and Recommendation (the "Report"), recommending that Defendants' motion be granted and that this action be dismissed with prejudice.[1] (Report, ECF No. 58, at 16.) Magistrate Judge Parker

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

1

advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 17.) Plaintiff filed timely objections on December 24, 2020. (Pl.'s Objs. to Mag. J.'s R. & R., ECF No. 59.) Subsequently, on February 11, 2021, Defendants filed a response to Plaintiff's objections. (Defs' Resp. to Pl.'s Objs. to Mag. J.'s R. & R., ECF No. 62.)

Having reviewed Magistrate Judge Parker's Report, Plaintiff's objections, and Defendants' response, this Court ADOPTS the Report in full. Accordingly, Defendants' motion to dismiss is GRANTED and the SAC is dismissed with prejudice.

## I.    FACTUAL BACKGROUND

In August 2016, Plaintiff, a white male, was hired as a probationary teacher at the High School for Energy and Technology ("HSET") in Bronx, New York. (Report at 2.) Plaintiff was hired by Defendant Marie Guillaume, the principal of HSET, who is an African American or Haitian female. (*Id.*) The school has "demographics of 70% Hispanic and roughly 30% African-American." (*Id.*) During the 2016-2017 school year, Plaintiff received two letters to his employment file for "soft lockdown violations" on March 13 and March 28, 2017. (*Id.*) In his complaint, Plaintiff alleges that (1) "soft lockdown drills were practice drills and are completely arbitrary" and (2) the minority teachers on his floor did not receive similar violations "even though they were in the same hallway and had the same door frame." (*Id.*) In May 2017, Plaintiff received an ineffective rating based on the school's teaching performance rubric. (*Id.* at 2-3.)

In July 2017, Plaintiff was terminated from his employment and subsequently appealed the termination. (*Id.* at 3.) On March 16, 2018, during Plaintiff's termination appeal hearing, Defendant Guillaume stated: "[a]nd I understand you're looking at trying to keep your license and so forth, and I believe someone pointed out very well, this was not a good fit. Okay!" (*Id.*)

2

Plaintiff alleges it was his fellow teacher, Greg Gibson, who told Defendant Guillaume that Plaintiff was "not a good fit." (SAC ¶ 7.) The three-member hearing panel ultimately recommended that Plaintiff not be discontinued from his employment. (Report at 3.) However, the DOE rejected the panel's recommendation and reaffirmed Plaintiff's discontinuance. (*Id.*)

To support his discrimination claims, Plaintiff alleges that three of his colleagues are similarly situated to him. (*Id.*) First, was an Asian female and fellow first-year probationary teacher who received effective performance ratings. (*Id.* at 3-4.) Plaintiff alleges that she voluntarily transferred to a school closer to her home. (*Id.*) Second, was an African American female and a first-year probationary teacher who is still employed at HSET. (*Id.* at 4.) Third, was a white male and a first-year probationary teacher who received ineffective performance ratings, two soft lockdown violations, and was discontinued from employment. (*Id.*) In addition to those teachers, Plaintiff points to three more teachers, two African American and one Filipino American who shared a hall with Plaintiff and "had the same door frame," but were not cited for soft lockdown violations. (SAC ¶ 11.) Plaintiff did not expound on the significance of those facts.

## II.   LEGAL STANDARDS

### A. Reports and Recommendations.

"Although a magistrate may hear dispositive pretrial motions, he may only submit proposed findings of fact and recommendations for disposition of the matter." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). The district court must review *de novo* the portions of a magistrate judge's report and recommendation to which a party properly objects. 28 U.S.C. § 636(b)(1)(C). However, the district court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Instead, it is sufficient that the district court "arrive at its own, independent conclusion" regarding those portions of the report

to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at \*3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted). "A magistrate's ruling is contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure[.]'" *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (first alteration in original) (citation omitted).

## B. Rule 12(b)(6) Failure to State a Claim

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled

4

to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co.*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013).

## C. *Pro Se* Litigants

Submissions of *pro se* litigants are read liberally and interpreted to "raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). Courts must also "afford *pro se* plaintiffs 'special solicitude' before granting motions to dismiss or motions for summary judgment." *Quadir v. N.Y. State Dep't of Labor*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994)).

## III. DEFENDANTS' MOTION TO DISMISS IS GRANTED

As an initial matter, Plaintiff only objects to Magistrate Judge Parker's findings regarding racial discrimination and disparate treatment. However, those objections are perfunctory because they are conclusory and rehash the same arguments detailed in Plaintiff's Opposition to Defendants Motion to Dismiss. Thus, this Court will review the entire Report for clear error.

### A. Plaintiff's Title VII Claim Against Defendant Marie Guillaume Is Dismissed.

Magistrate Judge Parker correctly recommended that Plaintiff's Title VII claim against Defendant Marie Guillaume, as an individual, should be dismissed as Title VII does not permit claims against individuals. *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 157 (2d Cir. 2017). Thus, Plaintiff's Title VII claim against Defendant Marie Guillaume is dismissed.

5

## B. Plaintiff's NYSHRL and NYCHRL Claims Against the DOE Are Dismissed.

Magistrate Judge Parker properly recommended that Plaintiff's NYHRL and NYCHRL claims against Defendant DOE should be dismissed. (Report at 8.) Plaintiff failed to comply with New York State's Notice of Claim requirement in suing the DOE. N.Y. Educ. Law § 3813(1) ("No action or special proceeding, for any cause whatever . . . or claim against the district or any such school . . . shall be prosecuted or maintained against any school district . . . unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim . . . ."). Thus, Plaintiff's NYHRL and NYCHRL claims against Defendant DOE are dismissed.

## C. Plaintiff's Racial Discrimination Claims are Dismissed.

Magistrate Judge Parker correctly found that Plaintiff failed to plead a sufficient racial discrimination claim against the Defendants under Title VII and NYSHRL.

To establish a *prima facie* racial discrimination claim under federal and state law, Plaintiff must show that "(1) he belonged to a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003). Plaintiff fails to plausibly allege the last element. (Report at 9.) An inference of discriminatory intent requires facts showing that Plaintiff was "treated less well than other employees because of" his race or other protected characteristic. *Williams v. N.Y.C. Hous. Auth.*, 872 N.Y.S.2d 27, 36 (1st Dep't 2009). Courts routinely dismiss discrimination claims with vague and facially neutral statements on the basis that the statements do not support an inference of discrimination. *See, e.g.*, *LeeHim v. New York City Dep't of Educ.*, No. 17 CIV. 3838 (PAE),

6

2017 WL 5634128, at *7 (S.D.N.Y. Nov. 21, 2017) (dismissing claim of discrimination because plaintiff failed to provide context for why the words might be codes for racial stereotypes; collecting cases); *Delgado v. Triborough Bridge and Tunnel Authority*, 485 F. Supp. 2d 453, 463 (S.D.N.Y. 2007) ("[Plaintiff] must plead circumstances leading to a permissible inference of racial discrimination including: ethnically degrading terms, invidious comments about [his] protected group, or sufficient factual assertions that employees not in [his] protected group were favored.").

Here, Plaintiff insists that the "not a good fit" comment was coded racial verbiage. (Report at 9.) As Magistrate Judge Parker found, the statement is race neutral and none of the facts pled in Plaintiff's complaint or his Opposition to Defendants Motion to Dismiss suggest otherwise. (Report at 9-10.) Plaintiff's assertions that all his colleagues were African American and that the students were all minorities do not render the comment racially charged. (Pl.'s Objs. to Mag. J.'s R. & R. at 10.) The timing of Plaintiff's discontinuance occurring after the "good fit comment" similarly does not draw a "contextual link" to an inference of racial discrimination. If anything, the context here suggests the absence of discriminatory intent as the comment was made after Plaintiff had a classroom management issue which suggests that the comment was based on poor performance.

Separately, Magistrate Judge Parker's conclusion that Plaintiff was not similarly situated with his comparators was proper. (Report at 10-13.) When "considering whether a plaintiff has raised an inference of discrimination by showing that [he] was subjected to disparate treatment . . . the plaintiff must show [he] was similarly situated in all material respects to the individuals with whom [he] seeks to compare [himself]." *Malcom v. Honeove Falls Lima Cent. Sch. Dist.*, 483 F. App'x 660, 662 (2d Cir. 2012) (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000)). To be similarly situated in "all material respects," a plaintiff must show that his "co-

7

employees were subject to the same performance evaluation and discipline standards" and that "the conduct for which the employer imposed discipline was of comparable seriousness." *Graham*, 230 F.3d at 39-40.

Here, as Magistrate Judge Parker found, neither of the two teachers Plaintiff cited as comparators, who received better treatment, were similarly situated with Plaintiff. (Report at 11.) While two were first-year probationary teachers and subject to the same performance rubric, Plaintiff failed to include how their conduct was similar to his during the soft lockdown that led to Plaintiff's discipline. (Report at 11.) Indeed, the effective ratings of one of the comparators distinguishes her from Plaintiff. (Report at 11.) Also, merely pointing to another white colleague who also was terminated and stating in a conclusory fashion that African American teachers were not similarly scrutinized or terminated likewise does not satisfy the pleading standard necessary to state a discrimination claim. (Report at 12.) Similarly, Plaintiff only alleges that the referenced teachers were in the same hallway and had the "same door frame" as Plaintiff, but he fails to explain the significance of those facts or how they relate to the teachers' conduct. (Report at 12.) Plaintiff also did not include any other facts regarding those teachers to illustrate how they were similarly situated. (Report at 12.)

## D. Hostile Work Environment Claim

Magistrate Judge Parker correctly found that Plaintiff failed to state a racially hostile work environment claim under either Title VII, NYSHRL, or NYCHRL. (Report at 13-14.) Under the NYCHRL, the lowest of the three thresholds for a hostile work environment claim, the harassment must be more than "petty slights and trivial inconveniences." *Williams v. N.Y.C. Hous. Auth.*, 872 N.Y.S.2d 27, 36 (1st Dep't 2009).

8

Here, the "not a good fit" comment fails to meet even this low threshold. As aforementioned, this comment is vague and race neutral. (Report at 13.) Thus, Plaintiff's hostile work environment claims are dismissed. Furthermore, since Plaintiff did not oppose Defendants' motion to dismiss the hostile work environment claim, that claim is deemed waived and, thereby, dismissed. *See Hanig v. Yorktown Cent. Sch. Dist.*, 384 F. Supp. 2d 710, 723 (S.D.N.Y. 2005).

## E. Retaliation Claim

Magistrate Judge Parker correctly held that Plaintiff's failed to state a retaliation claim under either Title VII, NYSHRL, or NYCHRL. To state a *prima facie* retaliation claim under Title VII and the NYSHRL, Plaintiff must show: "[1] participation in a protected activity known to the defendant; [2] an employment action disadvantaging the plaintiff; and [3] a causal connection between the protected activity and the adverse employment action." *Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 413 (S.D.N.Y. 2012) (citation omitted)). The elements of a *prima facie* retaliation claim under the NYCHRL are similar, except that the plaintiff is not required to prove that there was an adverse employment action. Instead, the plaintiff "must prove that something happened that would be reasonably likely to deter a person from engaging in protected activity." *Mayers v. Emigrant Bancorp, Inc.*, 796 F. Supp. 2d 434, 446 (S.D.N.Y. 2011) (citation omitted).

Here, the only protected activity Plaintiff engaged in was the filing of an Equal Employment Opportunity Commission charge after he was discharged from employment. (Report at 14.) There is no conduct that could be construed as retaliatory after the charge was filed. (Report at 14.) Further, and in any event, Plaintiff did not oppose Defendants' motion to dismiss his retaliation claims and therefore abandoned them. They must be dismissed for this reason as well. *Hanigu*, 384 F. Supp. 2d at 723.

9

### F. NYHRL and NYCHRL Claims Against Principal Guillaume

Magistrate Judge Parker properly concluded that any NYHRL or NYCHRL claims for aiding and abetting against Principal Guillaume fail. Individuals can be found liable under the NYHRL and NYCHRL for aiding and abetting conduct that violates the law. N.Y. Exec. Law § 296(1), (6); N.Y.C. Admin Code § 8-107(6). Here, as Plaintiff has failed to allege any conduct that violates the law, his allegations are insufficient to state a claim for aiding and abetting liability. Thus, Plaintiff's NYHRL and NYCHRL claims against Defendant Guillaume are dismissed.

### IV.   CONCLUSION

Magistrate Judge Parker's Report is ADOPTED. Defendants' motion to dismiss Plaintiff's second amended complaint, (ECF No. 50), is GRANTED and the second amended complaint is dismissed with prejudice.[2] The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
September 21, 2021

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

---

[2] This Court agrees with Magistrate Judge Parker's recommendation that leave to amend the complaint should be denied as Plaintiff has had multiple opportunities to correct his pleading deficiencies. (Report at 15-16.)